# Commonwealth *v.* Blackman, Appellant.

*Criminal law—Intoxicating liquor—Act of May 13, 1887, P. L. 108—Act of May 5, 1921, P. L. 407—Act of March 27, 1923, P. L. 34.*

The title to the Act of March 27, 1923, P. L. 34, is sufficiently extensive to comply with the requirements of the Constitution of Pennsylvania relating thereto.

The 15th section of the Act of March 27, 1923, P. L. 34, providing that nothing therein shall affect any case in which it shall appear that the crime therein charged was committed prior to the date of the approval of the act, is not antagonistic to the 18th section of the same act containing the general repealer.

The legislature did not intend to fix a period during which violators of the Act of 1921 should be turned loose without liability to punishment. It was clearly the intention that misdemeanors committed under that law should be subject to punishment, notwithstanding the enactment of the new law. This is not a novel provision, and it is not material that it precedes rather than follows the repealing provision, for, taking the whole statute into consideration, the intention of the legislature cannot be doubtful.

362, (1923).]      Syllabus—Opinion of the Court.

Statutes are to be so construed as to best carry out the intention of the legislators. It is the spirit of the law, rather than the literal expression which should guide the court in ascertaining the legislative will, and the whole statute should be taken in view when inquiry is made as to the construction of a particular portion thereof.

Argued October 23, 1923. Appeal, No. 154, Oct. T., 1923, by defendant, from judgment of Q. S. Bedford Co., April Sessions, 1923, No. 4, on verdict of guilty, in the case of Commonwealth v. William Blackman and Helen Blackman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for violation of the Act of May 5, 1921, P. L. 407, relating to possession and transportation of intoxicating liquor. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant, William Blackman, appealed.

*Error assigned* was refusal to quash indictment.

*William Wallace Chisolm,* for appellant.

*Harry C. James,* District Attorney, for appellee.

OPINION BY HENDERSON, J., December 12, 1923:

The defendant was convicted of the offense of transporting intoxicating liquor for beverage purposes. The act charged was committed on the 13th day of March, 1923. On the 22d day of the same month the prohibitory law now in force in this state was approved. The 15th section of that statute provides that nothing therein shall affect any case in which it shall appear that the crime charged was committed prior to the date of the approval of the act and that such offenders may be prosecuted and punished as if the act had not been passed,

under and in accordance with laws then in force and for such purposes such laws are specifically saved from repeal. The 18th section repeals the provisions of the Act of May 13, 1887, P. L. 108 and the amendment thereto approved May 5, 1921, P. L. 407. A conviction was had under the last recited statute. The appellant contends the judgment should be reversed for two reasons, one, that the title of the Act of 1923 does not give notice of the inclusion of the saving clause therein and, second, that the 18th section repeals the Acts of 1887 and 1921 relating to intoxicating liquor notwithstanding the preceding saving clause in the enactment.

With respect to the title of the Act of 1923 we regard it as sufficiently extensive to cover the provisions of section 15, for it relates specifically to alcoholic liquor. All persons interested are put on notice that the general subject of the act is alcoholic liquors, and that a part thereof relates to the repeal of prior legislation on the subject. The scope of the repeal and the time when it takes effect are not stated in the title but are clearly embraced within the subject of repeal. Indeed, it might well be held, in view of the federal and state prohibitory legislation existing at the time the Act of 1923 was adopted, that the first clause of the title would be sufficient to put an inquirer on notice of the various enactments of the statute. Everyone is presumed to know that traffic in alcoholic liquors is prohibited except under highly restricted conditions, and a law, the title of which relates to alcoholic liquors and prohibits the manufacture, furnishing, traffic in and possession of liquors for beverage purposes, must be held to put one on inquiry as to its particular provisions. The whole subject of the manufacture, transportation, possession and sale of intoxicating liquors is brought to the attention of the reader of the title, and he is thus put on notice of the legislation relating thereto. It has frequently been said that the attitude of the courts is not one of hostility to acts whose constitutionality is attacked. On the con-

trary all the presumptions are in their favor and courts are not to be astute in sustaining or finding objections. Applying this principle to the case before us there is no substantial warrant for holding that the title does not give notice of the saving clause.

The second contention is that the 15th and 18th sections of the act are antagonistic and that the latter which was the final expression of the legislative will, must prevail with the effect that the law in operation when the offense was committed was repealed as a result of which the defendant is relieved from liability for his act. When considering this subject it must be kept in mind that statutes are to be so construed as to best carry out the intention of the legislators. This intention may in some cases be ascertained from the occasion for enacting the law. It is the spirit of the law rather than the literal expression which should guide the court in ascertaining the legislative will and the whole statute should be taken in view when inquiry is made as to the construction of a particular portion thereof. The presumption is that all parts of the act were intended, and effect must be given to all unless there is such antagonism as makes such construction impossible. The language of any part of an enactment must be read in the light of the whole of it. Where words of a statute are susceptible of two constructions, one of which is unreasonable and the other not so, the latter interpretation must be adopted even though it be a liberal one. The generality of one portion is not to be construed to conflict with another if by reference to other portions they can be harmonized and given due effect for the purpose intended. Applying these rules of construction there is no difficulty in giving effect to both of the sections of the statute involved in the discussion. If the 15th section had followed the 18th it would not be denied that the saving clause continued the operation of the prior legislation on the subject, so that violators of its penal provisions might be punished notwithstanding the adoption of a new statute;

and we think it clear that the order in which the subjects of the two sections is introduced does not at all affect the object intended to be accomplished by the enactment.

Evidently the legislature did not intend to fix a period during which violators of the Act of 1921 should be turned loose without liability to punishment.    It was clearly the intention that misdemeanors committed under that law should be subject to punishment notwithstanding the enactment of the new law.    This is not a novel provision, and it is not material that it precedes rather than follows the repealing provision, for, taking the whole statute into consideration, the intention of the legislature cannot be doubtful.    No violence is done therefore to any rule of construction in holding that the order of arrangement of the various provisions of the statute does not in itself operate as a repeal when the purpose of the enactment is clear.

The suggestion that the reference to "laws then in force," in the 15th section of the Act of 1923, is not sufficiently specific cannot be sustained.    There is no doubt that the crime charged in the indictment was committed against the Act of 1921 and the provision of the Act of 1923 is that "such offenders may be prosecuted and punished as if this act had not been passed, under and in accordance with laws then in force, and, for such purpose, such laws are hereby specifically saved from repeal."    This section points directly to the statute for the violation of which the defendant was arrested and convicted.    We think it clear, therefore, that the defenses introduced are unsupported by law.

The assignments are overruled and the judgment affirmed, the record is remitted to the court below, and it is ordered that the appellant appear at such time as he may be called and that he may be by that court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal became a supersedeas.