## Com. v. 26 Quarts, &c., in Possession of Jacob Cartun.

*Intoxicating liquors—Possession—Personal use—Prohibition Enforcement Act of March 27, 1923.*

1. The Prohibition Enforcement Act of March 27, 1923, P. L. 34, does not require the actual possession of liquors in the owner's private dwelling as essential to a lawful possession thereof.

2. A had for many years conducted a wholesale liquor store before the ratification of the 18th Amendment, but after the passage of the Volstead Act he ceased business, and merely left what liquors and wines he had on hand at his warehouse, where he also kept implements, for rectification. He visited the place from time to time, but apparently effected no sales or made any other attempt to violate either the Federal Prohibition Act or the State law. The liquors were discovered by a search under warrant undertaken upon the supposition that the possession was illegal, and both liquors and implements were seized. On condemnation proceedings instituted by the district attorney: *Held*, that A's possession was lawful; the petition was dismissed and the property ordered to be returned to him.

Petition by Commonwealth for condemnation of kegs, boxes, bottles, etc., containing wines and liquors. Q. S. Phila. Co., March Sess., 1924, No. 26.

*Charles Edwin Fox* and *Joseph K. Willing*, Assistant District Attorneys, for Commonwealth.

*John M. Patterson*, for defendant.

BARTLETT, J., April 2, 1924.—In this case a petition was filed by the Commonwealth for condemnation of a large number of kegs, boxes, bottles, &c., some containing liquor and others wine, found in the possession of Jacob Cartun, at No. 316 Lombard Street, in the City of Philadelphia.

To the petition an answer was filed, claiming that all the property seized was lawfully possessed by the defendant, having had it in his possession prior to the Volstead Act.

From the testimony it appeared the defendant for many years had been conducting a wholesale liquor store at Nos. 401, 403 and 405 South Street, Philadelphia, and by Government regulation he was not permitted to rectify liquor on premises where it was sold, and he erected a warehouse on Lombard Street, at which place the defendant for years rectified his liquor, and which place contained all the implements for that purpose. That upon the passage of the Volstead Act defendant ceased to do business and simply left what liquor, wine, &c., he had on hand in his rectifying establishment, and from time to time would visit the warehouse to see that it had not been broken into and anything taken or destroyed.

It was not denied by defendant that the liquor on the premises were intoxicating. The Commonwealth only showed visits of this defendant to his warehouse, and there was no evidence of any sale or any other attempt to violate either the Federal Prohibition Act or the State law.

It appeared further from the testimony that the defendant, Cartun, resides in Atlantic City, New Jersey, and that, after having ceased to conduct his

364 DISTRICT AND COUNTY REPORTS.

Commonwealth *v.* 26 Quarts, &c., in Possession of Jacob Cartun.

wholesale liquor business, an inventory of all stock on hand was furnished by the defendant to the United States Government of the supplies on hand, and the said barrels, boxes, &c., were duly marked in accordance with the said inventory.

Upon a search warrant based upon the supposed possession of liquor illegally, and upon information gleaned by the police officer by the visits of the defendant to his warehouse, the liquors and implements were seized, and are now sought to be condemned.

It is admitted in this case that the liquors are not kept for sale or for any purpose to violate any of the provisions of the act.

The question presented is whether such possession by the defendant is unlawful?

Section 3 of the Act of March 27, 1923, P. L. 34, provides, *inter alia,* as follows: "It shall be unlawful for any person to manufacture, sell, offer for sale, barter, furnish, transport, possess or deliver within, or import into, or export out of, this Commonwealth any intoxicating liquor for beverage purposes, except as hereinafter set forth. . . ."

Section 4 of said act provides as follows: "It shall not be unlawful, however, to possess intoxicating liquor for beverage purposes in one's *bona fide* private dwelling while the same is occupied and used by him as his dwelling only, provided such liquor was lawfully acquired prior to the passage of this act, and is for use only for the personal consumption of the owner thereof and his family residing in such dwelling, and of his *bona fide* guests, when entertained by him therein, which entertainment shall not be deemed an unlawful furnishing. . . ."

Under the Volstead Act, it is provided, in section 3, as follows: "No person shall, on or after the date when the 18th Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed, to the end that the use of intoxicating liquor as a beverage may be prevented."

By section 33 of this act it is provided: "It shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling, and of his *bona fide* guests, when entertained by him therein."

Does the Act of March 27, 1923, P. L. 34, require actual physical possession of liquors in one's private dwelling as essential to make such possession legal? We are not disposed to so hold. ` What constitutes possession?

"Contact certainly is not necessary. It is enough for a man, so far as that is concerned, that no one else has possession, and that he has, in consequence, power to take the property in hand at will. There must be a power of control over property and a purpose to exercise the same for the benefit, at the time, of the holder, or facts from which such a purpose could be assumed if the mind was directed to the object of possession:" Bigelow on Torts, 369; Pollock, Genesis at Common Law, 120; Bouvier's Law Dictionary, 2535; Holmes's Common Law, 207; 31 Cyc., 923.

By the act, a private dwelling is defined to be one in its ordinary sense as well as a room or rooms in an apartment-house, hotel or boarding-house.

It would be an unreasonable interpretation of the act to hold that a person living in an apartment-house or hotel was obliged to keep his entire stock of liquors in said room or rooms, or that a person with no accommodations at

4 D. & C.

DISTRICT AND COUNTY REPORTS. 365

Commonwealth *v.* 26 Quarts, &c., in Possession of Jacob Cartun.

his home could not keep it in storage. Any other construction placed upon our act of assembly would be unreasonable.

"Where words of a statute are susceptible of two constructions, one of which is unreasonable and the other not so, the latter interpretation must be adopted, even though it be a liberal one:" Com. *v.* Blackman, 82 Pa. Superior Ct. 362 (1923).

The Volstead Act and our act of assembly, in the sections hereinbefore quoted, are almost identical in terms and deal with the possession of intoxicating liquors.

What is meant by possession, as used in the Volstead Act, the interpretation of which, in our judgment, is likewise applicable to the Act of March 27, 1923, P. L. 34, was decided in the, case of Street *v.* The Lincoln Safe Deposit Co. et al., 254 U. S. 88 (1920).

The defendant in this case conducted a warehouse business and the plaintiff was the lessee of a room in said warehouse, in which he had stored wines and liquors legally acquired by him prior to the passage of the Volstead Act and for use by him and his family or guests.

After the Volstead Act became effective, the enforcement agent threatened to seize said liquors of plaintiff so held and possessed. The District Court for the Southern District of New York decided adversely to the plaintiff.

In reversing the decision in an opinion by Justice Clarke, the Supreme Court said:

"Assuming that the unexplained presence of the liquors in the company's warehouse would give rise to the prescribed presumption, yet, if that presumption should be rebutted by appropriate testimony (as it is in this case by admission) that the liquor to which it is applied is not being kept for the purpose of sale, barter, exchange, furnishing or otherwise disposing of it in violation of the provisions of the title, the implication is plain that the possession should be considered not unlawful, even though it be by a person 'not legally permitted;' that is, by a person not holding a technical permit to possess it, such as is provided for in the act.

"Without saying that there may not be other cases, the one at bar seems to be fairly within the scope of this obvious implication of section 33.

"It may be that the custody of liquors by a warehouse company was thus not declared to be unlawful because the writers of the act did not have such a case in mind, but it was more probably because Congress would not consent to allow lawful possession and use of liquors in dwellings having storage facilities for them, while denying the only possible means of preserving and protecting such liquors to persons with less commodious homes. The Congress was concerned with the great problem of preventing the manufacture and sale of intoxicating liquors for beverage purposes in the future, and it seems to have given but slight attention to the consumption of such relatively small amounts of such liquors as might be in existence in private ownership and intended for consumption by the owner, his family or his guests when the amendment and the act should take effect.

"An intention to confiscate private property, even in intoxicating liquors, will not be raised by inference and construction from provisions of law which have ample field for other operation in effecting a purpose clearly indicated and declared."

There is no evidence in the case at bar to establish that the defendant, Jacob Cartun, had committed any crime or that he held any liquors in violation of the provisions of any law.

As was said in Street v. The Lincoln Safe Deposit Co. et al., 254 U. S. 88 (1920): "To enforce it as thus construed would result in virtual confiscation of lawfully-acquired liquors by preventing and unduly interfering with their consumption by the owner. The 18th Amendment gave no such power. . . . Manufacture, sale and transportation are the things prohibited; not personal use."

As the Act of March 27, 1923, P. L. 34, does not make it unlawful to possess liquors for personal use, as provided in section 4, hereinbefore quoted, and from the facts in this case, we are of opinion that the petition of the District Attorney to condemn the property of the defendant should be and is dismissed, and the liquors and utensils seized under the search warrant and now held in the custody of the Commonwealth are hereby ordered returned to the defendant, Jacob Cartun.