# Premier Cereal & Beverage Co., Appellant, *v.* Pennsylvania Alcohol Permit Board et al.

*Constitutional law—Police power—Liquor law—Act of February 19, 1926, P. L. 16—Title of act—Person not harmed—Demand of jury trial—New offense.*

1. The Act of February 19, 1926, P. L. 16, creating the State Alcohol Permit Board, is constitutional as a proper exercise of the police power.

2. The Act of February 19, 1926, P. L. 16, is not unconstitutional as defective in title.

3. As the title of the Act of 1926 expressly provides for the regulation of certain traffic in alcoholic liquors "Under permit through a Pennsylvania Alcohol Permit Board created in the department of welfare," it gives sufficient notice of provisions regulating the manner of granting and withdrawing permits.

4. A statute will never be declared invalid at the instance of one not harmed thereby.

5. A corporation which has received a permit under the Act of February 19, 1926, P. L. 16, has no standing to attack the act as unconstitutional.

6. To declare the act unconstitutional would nullify the permit granted thereunder. In which event the grantee suffered naught by its revocation.

7. Under the Act of 1926, where a permit has been revoked, the permittee has no grounds to demand a trial by jury.

8. The purpose of the act is a speedy review, by the court, of the board's action, and this would be defeated by a jury trial.

9. In declaring a new offense the legislature may prescribe a mode of trial other than by jury, without violating the constitutional guarantee that the right of trial by jury shall remain as heretofore; that is, as it was when the Constitution was adopted.

*Appeals—Question not raised by the record.*

10. The appellate court will not consider a question not raised by the record, although referred to in argument.

*Liquor law—Permits—Federal practice.*

11. The practice of the federal courts in cases of a revocation of a permit, considered.

Argued January 4, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 98, Jan. T., 1928, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1926, No. 8529, sustaining order of the Pennsylvania Alcoholic Permit Board rescinding a permit, in case of Premier Cereal & Beverage Co. v. Penna. Alcohol Permit Board, Ellen C. Potter, chairman, et al. Affirmed.

Appeal from order of Alcoholic Permit Board. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Order sustained and appeal dismissed. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*James F. Masterson,* with him *William J. Kirrane,* for appellant.—The Act of February 19, 1926, P. L. 16, offends against article I, section 1, of the state Constitution and Fourteenth Amendment of federal Constitution: Mugler v. Kansas, 123 U. S. 623; Powell v. Com., 114 Pa. 265; Weaver v. Palmer, 270 U. S. 402.

The Act of February 19, 1926, P. L. 16, offends against article III, section 3, of the Constitution: Com. v. Liberty Products, 84 Pa. Superior Ct. 473; Com. v. Berdenella, 288 Pa. 510; Strain v. Kern, 277 Pa. 209; Provident L. & T. Co. v. Hammond, 230 Pa. 407; Com. v. Thomas, 248 Pa. 256; Roush v. Northumberland Co., 63 Pa. Superior Ct. 314; Fedorowicz v. Brobst, 254 Pa. 338; Ridge Ave. Pass. Ry. v. Phila., 124 Pa. 219.

Appellant was entitled to a jury trial: Beale v. Com., 25 Pa. 11; Hartranft's App., 85 Pa. 433; U. S. v. Ritchie, 17 Howard 525; U. S. v. Lies, 170 U. S. 628; Com. v. Berdenella, 288 Pa. 510.

*Wilhelm F. Knauer,* Special Deputy Attorney General, with him *Robert M. Ewing,* Special Deputy Attorney General, *Louis E. Graham,* Legal Adviser, Sixth Federal Prohibition District, and *Thomas J. Baldrige,* Attorney General, for appellee.—The Act of February 19, 1926, P. L. 16, is a bona fide, reasonable and valid exercise of the police power of the Commonwealth: Selzman v. U. S., 45 U. S. Sup. Ct. 574; Ruppert v. Caffey, 251 U. S. 264; Virginia Dare Wine, 29 Pa. Dist. R. 116; Com. v. Wenzel, 24 Pa. Superior Ct. 467; Com. v. Grossman, 248 Pa. 11; Buffalo B. M. F. C. v. Breitinger, 250 Pa. 225; Powell v. Penna., 127 U. S. 678; Com. v. Dietz, 285 Pa. 511; Liberman v. Van DeCarr, 199 U. S. 552; Purity Extract Co. v. Lynch, 226 U. S. 192.

The title of the act is sufficiently comprehensive to indicate that it is a supplement to the Act of March 27, 1923, P. L. 34, and relates to alcoholic liquors: Com. v. Snyder, 279 Pa. 234; Graeff v. Schlottman, 287 Pa. 342;

Com. v. Blackman, 82 Pa. Superior Ct. 362; Com. v. Sellers, 130 Pa. 32.

The act contains no provision for hearing *de novo* or trial by jury in the court of common pleas on appeal from decision of the alcohol permit board: Crowley v. Christensen, 137 U. S. 86; Ma-King Products Co. v. Blair, 271 U. S. 479; Silberschein v. U. S., 266 U. S. 221; Com. v. Carey, 151 Pa. 368; Dolan's App., 108 Pa. 564; Carlson's License, 127 Pa. 330.

OPINION BY MR. JUSTICE WALLING, January 23, 1928:

On August 5, 1926, the State Alcohol Permit Board, created by section 6 of the Act of February 19, 1926, P. L. 16, granted to the Premier Cereal & Beverage Company, of Philadelphia, a permit to manufacture and deal in alcoholic liquids in conformity with State and federal laws. Thereafter on October 1, 1926, the board, after a full hearing and upon a finding, supported by ample evidence, that the above named company was conducting its business in violation of law, revoked the permit, as authorized by section 13 of the act. Whereupon the permittee, as further provided in said section, filed a petition as plaintiff in the proper court of common pleas against the board as defendant, praying for a reversal of the order of revocation. After argument by counsel and consideration of the evidence taken before the board and the relevant legal principles, that court, in an exhaustive opinion, sustained the action of the board and plaintiff has appealed.

The action appealed from was so clearly right as to require little discussion. The first question raised is the constitutionality of the above cited Act of 1826, one of a number of statutes aimed to aid in the enforcement of the Eighteenth Amendment to the federal Constitution. The validity of these statutes in general has been so often sustained, by state and federal courts, as to need no further discussion. See Everhard's Breweries v. Day, 265 U. S. 545; National Prohibition Cases, 253

U. S. 350, 387; United States v. Standard Brewery Co., 251 U. S. 210; Com. v. Keister, 289 Pa. 225; Com. v. Dietz et al., 285 Pa. 511; Com. v. Alderman, 275 Pa. 483; Com. v. Vigliotti, 271 Pa. 10; Com. v. One Ford Truck, 85 Pa. Superior Ct. 188; Com. v. Liberty Products Co., 84 Pa. Superior Ct. 473; Com. v. Blackman, 82 Pa. Superior Ct. 362; and see Purity Extract Co. v. Lynch, 226 U. S. 192; Powell v. Penna., 127 U. S. 678, same case, 114 Pa. 265; Fox v. Blair, 20 Fed. (2d) 233.

But it is urged that the title of the instant act is fatally defective under article III, section 3, of the state Constitution, which provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The title is: "A supplement to the act, approved the twenty-seventh day of March, one thousand nine hundred and twenty-three (Pamphlet Laws, thirty-four), entitled 'An act concerning alcoholic liquors; prohibiting the manufacture, advertising, furnishing, traffic in, and possession of intoxicating liquors for beverage purposes, and articles and substances designed or intended for use in the manufacturing thereof; defining intoxicating liquor; providing for penalties, forfeitures, and the abatement of nuisances; and repealing existing alcoholic liquor laws and alcoholic liquor license laws'; providing for the registering of federal permits; also regulating, under permit, through a Pennsylvania Alcohol Permit Board created in the department of welfare, the manufacture, production, distillation, development, use in manufacture, denaturization, redistillation, recovery, reuse, holding in bond, holding in storage by bailees for hire, sale at wholesale, and transportation for hire, of any alcohol or alcoholic liquid, by certain persons; also providing for fees and the disposition thereof; also authorizing the inspection of the records of permittees and purchasers of said alcohol or alcoholic liquid; also declaring certain places nuisances and providing for their abatement; also providing penalties;

and also repealing all acts or parts of acts inconsistent with this act." This sufficiently calls attention to every subject embraced in the act and the title need not be an index to the enactment. It is enough that it fairly gives notice of the provisions thereof: Com. v. Curry, 4 Pa. Superior Ct. 356. Every provision in the act is germane to the subject of the title. See Com. v. Sellers, 130 Pa. 32. A title to a statute need name only the real subject of the legislation; it need not set forth all the enactments intended to be made in regard thereto: Com. ex rel. v. Snyder, 279 Pa. 234. It is sufficient if the title of a bill fairly gives notice of its contents: Federowicz v. Brobst, 254 Pa. 338; and see Graeff v. Schlottman, 287 Pa. 342. The above quoted title expressly provides for the regulation of certain traffic in alcoholic liquids "under permit through a Pennsylvania Alcohol Permit Board created in the department of welfare." This naturally calls attention to provisions regulating the manner of granting and withdrawing of permits, the only features of the act here involved. Furthermore, it is fundamental that a statute will never be declared invalid at the instance of one not harmed thereby. To hold this statute unconstitutional would nullify the permit granted thereunder; in which event plaintiff suffered naught by its revocation.

The appellant's petition to the lower court not only asked that court to reverse the action of the board but also prayed for a trial by jury as to disputed questions of fact. This was properly denied. The statute makes the court of common pleas the tribunal to review the action of the board and aims at a prompt disposition of the question of revocation by the board on ten days' notice. Again when taken into court the act says, inter alia, "All allegations of the answer shall be deemed to stand denied without further pleading and, upon application of either party, the cause shall be advanced and heard without delay. Mere technical irregularities in the procedure of the board shall be disregarded." This

negatives any suggestion of trial by jury with the delay incident thereto. The manifest purpose of the statute is a speedy review of the board's action which would be defeated by jury trial. This is not a matter at common law where the Constitution guarantees the right of trial by jury. Such guarantee is, that the right shall remain as heretofore; that is, as it was when the Constitution was adopted. This does not prevent the legislature from providing other tribunals for the adjustment of rights and liabilities subsequently created. See Com. v. Dietz et al., supra; Pottash v. Albany Oil Co., 274 Pa. 384; Fleming's Est., 265 Pa. 399; Wynkoop v. Cooch, 89 Pa. 450; Rhines v. Clark, 51 Pa. 96, 101; Byers and Davis v. Com., 42 Pa. 89, 94; Banning v. Taylor, 24 Pa. 289. In declaring a new offense the legislature may prescribe a mode of trial other than by jury: Van Swartow v. The Com., 24 Pa. 131. A familiar example is the granting and revocation of liquor licenses, which the court may grant, or for sufficient cause revoke, without trial by jury. See Carlson's License, 127 Pa. 330; Dolan's App., 108 Pa. 564.

The trial court properly disposed of the case on the evidence submitted to the board; as to whether, on the timely application of either party, other proof should have been received, or a hearing had de novo, we express no opinion. That question, while referred to in argument, is not raised in the record. It may not be amiss, however, to call attention to the practice in the federal courts where a review of the decision of the commissioner revoking a permit is had only to determine whether his action was based on an error of law, as a finding without evidence, or was purely arbitrary: Senger Drug Co. v. Mellon, 20 Fed. (2d) 1000; Chicago Grain Products Co. v. Blair, 12 Fed. (2d) 90; Ma-King Co. v. Blair, 271 U. S. 479.

The order of the trial court sustaining the revocation of the permit in question is affirmed at the cost of appellant.