## E. & S. Motor Transportation Co., Inc., v. Pennsylvania Alcohol Permit Board.

*D. S. Malis*, for appellant; *William F. Knauer*, for Commonwealth.

KUN, J., Nov. 15, 1928.—This is an appeal from the action of the Pennsylvania Alcohol Permit Board revoking appellant's permit to transport alcohol and alcoholic liquid under the Act of Feb. 19, 1926, P. L. 16. The act under which the board is established was passed in the exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace, safety and morals of the people of the Commonwealth, "and all of its provisions shall be liberally construed for the accomplishment of these purposes," as provided in section 1 of the act.

The Alcohol Permit Board is a departmental administrative board of the Department of Welfare and consists of the Secretary of Welfare, the Secretary of Health and the Attorney-General. Any permit issued by the board may be revoked by it for any violation of the act or of any rule or regulation promulgated by the board under the authority of this act, following a hearing, if upon such hearing the board is "satisfied that any such violation has occurred" (section 13), and the aggrieved permittee may appeal to the Court

of Common Pleas. The same section also provides that mere technical irregularities in the procedure of the board shall be disregarded. It is contemplated that this legislation be liberally construed.

The Alcohol Permit Board is not charged with any judicial functions, but is an administrative board. As stated by the Supreme Court, referring to the functions of the Board of Censors of motion pictures, with special reference to the measure of discretion to be exercised by it: "What is required is that it must be commensurate with the intelligent understanding by the board of the object and purpose of the law, associated with an honest desire and endeavor on its part to impartially enforce its provisions:" Goldwyn Distributing Corporation, 265 Pa. 335. "Where such inquiry arises, the investigation starts with the presumption that the tribunal making the order or decree appealed from acted within the reasonable scope of its power and discretion, and it can be called to answer only as the party complaining, upon whom rests the burden, can show that the decision of the board rests upon some ground that did not authorize the exercise of discretion. . . . The general rule is that the *onus* is upon the appellant to show affirmatively that the decision was made on a ground not involving the exercise of discretion (citing 3 Corpus Juris, 471, 289) :" Goldwyn Distributing Corporation, 265 Pa. 335, 342. "The evident intent was to grant the right of appeal to the Common Pleas so that tribunal could correct any arbitrary and oppressive orders which the Board of Censors might make, and nothing more; in other words, that the court might reverse the censors when the latter were guilty of an abuse of discretion. This is the ordinary rule to which, on appeal, even this court restricts itself in reviewing an exercise of discretion, particularly of administrative officials:" Goldwyn Distributing Corporation, 265 Pa. 335, 339, 340.

Perhaps a closer analogous authority is that of the board under the Workmen's Compensation Act, with reference to which it was stated by the Supreme Court that it "contemplates liberality in the admission of proofs and the inferences reasonably to be drawn therefrom, . . . yet, after all the data has been gathered without regard to technical rules, all irrelevant and incompetent testimony must be rejected and the findings made to rest upon such relevant and competent evidences of sound probative character as may be left, whether circumstantial or direct:" McCauley *v.* Imperial Woolen Co., 261 Pa. 312, quoted in Altoona Beverage and Ice Co. *v.* Pennsylvania Alcoholic Permit Board, 11 D. & C. 60.

It was pointed out in Premier C. & B. Co. *v.* Pennsylvania Alcohol Permit Board, 292 Pa. 127, 133, in which the constitutionality of the act creating the board was upheld, that the practice in the Federal courts where a review of the commissioner's action in revoking a permit is had is to determine only "whether his action was based on an error of law, as a finding without evidence, or was purely arbitrary," citing Senger Drug Co. *v.* Mellon, 20 Fed. Repr. (2nd) 1000; Chicago Grain Products Co. *v.* Blair, 12 Fed. Repr. (2nd) 90; Ma-King Co. *v.* Blair, 271 U. S. 479.

The appellant in this case had a permit to "transport for any person exempted or not exempted by the regulations, alcohol or alcoholic liquid for hire." The appellant did not have a Federal permit to transport pure ethyl alcohol, but, according to the State permit, was authorized to transport denatured alcohol only.

It is admitted in the case that a truck operated by appellant's employee was sent to Baltimore on July 31, 1927, where it was loaded in the night with two and three-gallon cans of pure or ethyl alcohol in unmarked boxes, after which the loaded truck was on its way back to Philadelphia; it was stopped at Upper

Darby Township, Delaware County, for passing a traffic light. The employee was arrested by Federal prohibition agents, indicted for the unlawful transportation of alcohol, pleaded guilty in the United States District Court of Philadelphia, and was fined. An anaylsis of the alcohol showed it to be ethyl or grain alcohol containing 98.8 per cent. alcohol by volume.

The appellant company contended that the truck was hired by an unknown person to go to Baltimore empty and return with a load of hardware, and that the officers of the company had no knowledge of the nature of the shipment. The witnesses appeared in person before the board, which had the best opportunity of appraising the value of their testimony. No doubt, the alleged hiring of the truck at the time in question by an alleged unknown person without taking an address of any kind, ostensibly, as claimed, for the purpose of transporting a large quantity of hardware, with no destination of the shipment indicated, was a strong circumstances, in connection with the other elements in the case, which led to the exercise of the discretion by the board resulting in the revocation of the appellant's permit.

Perhaps the operation by appellant of its business in such a loose and unbusinesslike manner as indicated, facilitating violations of the law, but as to which it could disclaim knowledge, was persuasive that it was unfit to hold the permit granted to it by the State.

In a proceeding of this kind before the board, it is not required that the complaint be established beyond a reasonable doubt, as in criminal cases, although a jury might well, under all the facts and circumstances in this case, come to the same conclusion.

The court cannot say as a matter of law that there is nothing whatever in the record to sustain the finding of the board, or that its decision rested upon grounds that did not authorize the exercise of discretion, so that its action was arbitrary and an abuse of the discretion reposed in it by law.

The order of the board is affirmed and the appeal is dismissed.