## Eisenhart, Appellant, *v.* Pennsylvania Milk Control Board.

Argued November 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*John A. Hoober,* for appellant.

*Harry Polikoff,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY KELLER, P. J., February 26, 1937:

This appeal attacks the constitutionality of the Milk Control Act of January 2, 1934, (Special Session 1933-34) P. L. 174. It is ruled against the appellant by the decision of the Supreme Court in *Rohrer v. Milk Control Board,* 322 Pa. 257, 186 A. 336. Every ground of attack presented by this defendant in his petition for an appeal to the court below and considered by that court, was raised and passed upon adversely to him in the Rohrer case, except his contention that the Milk Control Act violates the clause of Article I, section 10 of the Constitution of the United States, which provides that no State shall pass any law impairing the obligation of contracts; and that position is wholly without merit. It does not appear that any contracts made by the appellant prior to the effective date of the Milk Control Act, (January 2, 1934), formed the basis for the order revoking his license; and, it may be added, contracts relating to matters clothed or affected with a public interest are subject to the police power of the State.

The appellant, realizing that the decision in the Rohrer case has cut the ground from under his feet, attempts to shift his base of attack and raise issues in this court which were not specified in his appeal to the court below nor presented or considered in that court. Section 14 of the Act provides that the petition for appeal from the action of the board "shall specify the petitioner's objections to the action and decision of the board, and no objection not so specified shall be considered by the court". In view of this express provision in the statute, there is less reason than usual for departing from our general rule that we will not consider and pass upon questions of law,

which were not raised in the lower court. Furthermore, appellant is not in a position to attack the constitutionality of section 9A [1], which deals with the penalties to be imposed on conviction of misdemeanor for violation of the provisions of the Act; for the appellant has not been indicted, nor tried, nor found guilty, nor sentenced for violating any of the provisions of the Act. His license has been revoked under section 10D, as of date of December 9, 1934, for violating certain general orders of the board, by paying producers less than the minimum prices prescribed by those orders; and he has been ordered to cease and desist purchasing or handling milk in Pennsylvania for sale, shipment, storage, processing or manufacture within or without Pennsylvania or from operating as a milk dealer in Pennsylvania. Section 9A of the Milk Control Act of 1934 has since been amended by the Act of April 30, 1935, P. L. 96, p. 103, so as to provide that the first and second offenses shall be prosecuted by summary conviction, punishable by a fine of not less than $25 nor more than $200.

It is a well established rule that " a court will never heed objections to the constitutionality of an act of assembly unless the complainants are affected by the particular feature alleged to be in conflict with the Constitution": *Mesta Machine Co. v. Dunbar Furnace Co.*, 250 Pa. 472, 476, 95 A. 585; *Com. v. Dollar Savings Bank*, 259 Pa. 138, 146, 102 A. 569; *Taylor v. Haverford Twp.*, 299 Pa. 402, 408, 149 A. 639; *Plymouth Coal*

---

[1]"Except as otherwise specially provided in this act, any person violating any provision of this act, or any rule, regulation or order of the board lawfully made, shall be guilty of a misdemeanor, and shall, upon conviction thereof, be subject to a fine not exceeding one hundred dollars, or imprisonment not exceeding one year, or both. For each day during which any such violation shall continue, such person shall be deemed to have committed an additional violation."

*Co. v. Com. of Penna.*, 232 U. S. 531; *Penna. R. R. v. P. S. C.*, 118 Pa. Superior Ct. 380, 394, 179 A. 850; *Premier Cereal & Beverage Co. v. Penna. Alcohol Board*, 292 Pa. 127, 140 A. 858. Hence no one can complain that a penalty imposed by statute is unreasonable and excessive until it has been imposed on him. Besides, the Act of 1934 did not impose a fixed and certain fine of $100 or a definitive imprisonment for one year, or both, but only fixed the maximum of each, leaving it discretionary with the judge how much of that should be imposed. The appellant has not been hurt by this provision and is in no position to attack its constitutionality. The same thing may be said with respect to the right given the board in section 9B to proceed in equity for injunctive relief, without alleging or proving that an adequate remedy at law does not exist, for no such proceedings have been instituted against this appellant. But, see *Premier Cereal & Beverage Co. v. Penna. Alcohol Board*, 292 Pa. 127, 140 A. 858. Nor was appellant affected by the provisions of section 12 requiring a milk dealer applying for a license to give bond with security, for the appellant was exempted under the provisions of paragraph I of that section from filing a bond with surety, or collateral.

The order is affirmed at the costs of the appellant.