Brunke, Appellant, *v.* Ridley Township.

Argued November 16, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*Donald H. Hamilton,* with him *Edw. D. McLaughlin,* for appellant.

*Ellwood J. Turner,* with him *R. Paul Lessy,* Solicitors, and *William H. Turner,* for appellees.

OPINION BY RENO, J., January 27, 1944:

Pursuant to the Acts of April 4, 1935, P. L. 15 and 22, 53 PS §14301 and 53 PS §19092-2440, (the first amends The General Borough Act, the second amends The First Class Township Law), five boroughs and three first-class townships of Delaware County, of which the Township of Ridley, appellee, was one, formed a joint sewer board and called it the Central Delaware County Sewer Authority. It secured a grant of funds from the Federal Works Progress Administration, which through its agents and employes, and without the supervision or control of the Authority or of the Township of Ridley, constructed a section of sewer in the bed of Willard Avenue. Appellant's land abuts Willard Avenue but no part of the sewer passed "over, upon or through" his lands. No part of his land was taken but, as a result of blasting by WPA employes, his house was damaged.

Viewers appointed by the court below found that "The injuries to the petitioner's [appellant's] property were the direct, immediate, and necessary and unavoidable consequence of the non-negligent construction of said sewer" and awarded him $1,800, payable by the Township of Ridley. The court below, sustaining the township's exceptions, disallowed and set aside the award. This appeal followed.

The record raises several interesting questions,[1] but we concentrate our attention upon the controlling question whether there is valid legislation supporting the award against the township for what were admittedly consequential damages arising out of the construction of the sewer.

The Constitution (Art. XVI §8) provides: "Municipal and other corporations and individuals invested

---

[1] e. g.: Is the Township liable for damages caused by employes of WPA, an alleged independent contractor?

with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction." There have been cases to the contrary, but the Supreme Court has definitely held that this provision of the Constitution is not self-executing, and that the right to consequential damages is dependent upon legislative grant. "We have returned to our former policy of placing the right to damages within the grant of the sovereign, and the rule is now well settled that damages for consequential injuries can not be recovered by a property owner under the present Constitution, unless the legislature gave that right and imposed such liability on the municipality; it may determine the class of owners to which the compensation mentioned in the Constitution may be given (Donnelly v. Pub. Ser. Com. and P. R. R. Co., 268 Pa. 345 [112 A. 160]; State Highway Route No. 72, 265 Pa. 369 [108 A. 820]; Spang & Company v. Com., 281 Pa. 414 [126 A. 781]; Hoffer v. Reading Co., supra); but unless the legislature, by statute, so provides, the owner is without remedy." *Westmoreland Chemical and Color Co. v. Public Service Commission,* 294 Pa. 451, 458, 144 A. 407. Appellant concedes this, but contends that the Act of April 4, 1935, P. L. 22, supra, contains the requisite legislative imposition of liability of consequential damages in the construction of sewers.

The Act of 1935, supra, as heretofore stated, is an amendment of The First Class Township Law of June 24, 1931, P. L. 1206, 53 PS §19092-101 et seq. It amends particularly §2440, which as it stood in the original Act of 1931, supra, provided merely that, "Townships may enter into agreements with municipalities or other townships for the purpose of building sewers, including trunk-line sewers or drains and sewage-disposal

plants. Such agreement shall provide for the joint maintenance of the same." The amendment of 1935, supra, provides a more elaborate method for the construction of joint sewers and, after providing for the creation of a joint sewer board, it enacts (clause "d") that: "In any case where it shall be necessary to acquire, appropriate, injure, or destroy private property (lands, property or material) to build any such joint sewer improvement, and the same cannot be acquired by purchase or gift, the right of eminent domain shall vest in the township, city, or borough where such property is located ...... Damages for any property taken, injured, or destroyed shall be assessed as provided by the general laws relating to the townships, cities, and boroughs exercising the right of eminent domain; and shall be paid by the several townships, cities, and boroughs joining in the same proportion as other costs of the improvement." It is upon the last sentence that appellant bases his claim.

Whether or not it sustains appellant's position probably depends upon the meaning to be ascribed to the phrase, "as provided by the general laws relating to the townships." If this phrase describes merely the procedure to be followed in the assessment of the damages, his position might be sound. But if by that phrase the legislature intended to limit recovery to that kind of damages which was already provided by other laws applicable to townships, his claim to consequential damages is without foundation. For, it is readily demonstrable, and appellant concedes, that the other sections of The First Class Township Law (§1901, §1907), which provide for the damages payable by such townships upon the exercise of the power of eminent domain, do not include consequential damages. The question is interesting but, in view of the conclusion we have drawn concerning the title of the act, we need not and do not decide it.

The title to the Act of 1935, is as follows: "An Act to amend section two thousand four hundred forty of the act, approved the twenty-fourth day of June, one thousand nine hundred and thirty-one (Pamphlet Laws, one thousand two hundred six), entitled 'An act concerning townships of the first class; amending, consolidating, and changing the law relating thereto,' providing for and regulating joint sewer improvements." The legislature, following the Constitutional mandate (Const., Art. III, §3), requiring it to express clearly the subject of the bill in its title, declared that this legislation related to townships of the first class and, specifically, to joint sewer improvements. Nowhere in the title is there any notice of a legislative intention to extend or impose liability upon first-class townships for consequential damages sustained in the construction of sewers. "This court has repeatedly held that when an act imposes new burdens on political sub-divisions, its title must clearly give notice of that fact": *Com. ex rel. v. Berryman,* 345 Pa. 222, 224, 26 A. 2d 907. "If a statute does provide for compensation for consequential damages, the legislative intent so to do must be clearly set forth in the title to the act": *McGarrity v. Com.,* 311 Pa. 436, 439, 166 A. 895. "The title of the act shows no attempt to impose liability for such [consequential] damage on the State; as the judge of the court below said, such damages were entirely omitted from the title. We have repeatedly held that where an act imposes on counties new burdens, without an intention so to do being clearly indicated in the title of the act in question, the act as it relates to those particular burdens is unconstitutional: Roush v. Northumberland County, 63 Pa. Superior Ct. 314, and authorities there cited at page 316; County Commissioners' Petition, 255 Pa. 88 [99 A. 225]": *Soldiers and Sailors Memorial Bridge,* 308 Pa. 487, 492, 162 A. 309. Admittedly, appellant's case rests wholly upon the Act

of 1935, and since that does not support him, because of the constitutional prohibition, his claim cannot be sustained.

We do not hold that the Act of 1935 is unconstitutional. We conclude that since the legislature did not include in the title the statement that the new burden of consequential damages was thereby imposed upon townships of the first class the text of the statute cannot be so construed as to impose that liability. A cardinal principle of statutory construction is that the legislature never intends to violate the Constitution: Statutory Construction Act of May 28, 1937, P. L. 1019, §52 (3), 46 PS §552.

Judgment affirmed.