Commonwealth *v.* Flickinger, Appellant.

Argued March 21, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (Ross, J., absent).

*James C. Lanshe,* for appellant.

*Ralph B. Umsted,* Deputy Attorney General, with him *Kenneth H. Koch,* District Attorney and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY FINE, J., July 15, 1949:

Alfred D. Flickinger, defendant, was arrested on July 14, 1948, and charged with having in his possession 332 cartons of cigarettes upon which no Pennsylvania tax had been paid or Pennsylvania cigarette tax stamps affixed, in violation of the Act of 1947, P. L. 911, 72 PS §3167.1. At a preliminary hearing before an alderman, defendant was convicted. An appeal was taken to the court of quarter sessions, which, after hearing, found defendant guilty and sentenced him to pay a fine of $1,660.00 and costs. Flickinger's motion in arrest of judgment was dismissed by the court below, this appeal was filed and a supersedeas granted. Defendant now challenges the constitutionality of the Act of 1947, supra, on the ground that it. constitutes an unlawful interference with interstate commerce.

Flickinger, a citizen and resident of Pennsylvania, on July 13, 1948, purchased 350 cartons of cigarettes from the Delaware Candy Company, Wilmington, Delaware. The cigarettes, excepting 18 cartons removed for his own personal use, were placed by appellant in the trunk of his automobile at the place of their receipt in Delaware. On July 14, 1948, the cigarettes were found in the trunk of his car while it was parked in an alley adjacent to his home in Allentown.

Walters, an agent of the Pennsylvania Department of Revenue, testified that he found the 332 cartons of cigarettes, without stamps, in the trunk of defendant's car and the defendant at that time stated he had purchased them in Delaware and he proposed to sell them for $1.50 a carton. Testifying in his own defense, defendant stated he purchased these cigarettes to fill orders he had received; that he was not a licensed dealer in cigarettes;

that of the 350 cartons purchased in Wilmington, he had removed 18 cartons for his own personal use; that he had planned to go to Port Jervis, New York, the next day to fish, and, at that time would have there delivered the 332 cartons to a friend who had placed a purchase order with him.

The court en banc affirmed the verdict of guilty, and sentence was imposed. The court below made the following findings of fact: "6. It was defendant's intention to sell the three hundred thirty-two cartons of cigarettes involved in this prosecution wherever he might find customers for them. 7. Defendant was a dealer in cigarettes . . . 8. . . . [but not] a duly licensed dealer." The court then concluded that: ". . . the testimony is vague and inconclusive as to the original package for shipment purposes . . ." The court below observed: "In making the above findings, we are more than fair to defendant. His evasiveness and downright fabrications would justify us in applying the doctrine falsus in uno, falsus in omnibus to his testimony."

The Act of 1947, supra, provides: "Whosoever, not being an officer, agent or employe of a commissary ship's store, or voluntary unincorporated organization of the Army or the Navy personnel operating under regulations promulgated by the Secretary of War or the Secretary of the Navy, or not being duly licensed dealer under the . . . [Act of 1935, P. L. 341] shall have in his possession two hundred (200) or more cigarettes upon which State cigarette tax has not been paid, or to the containers of which Pennsylvania cigarette tax stamps are not affixed in the amount required by law, shall upon conviction thereof, in a summary proceeding, be sentenced to pay a fine of not more than Twenty-five ($25.00) Dollars and costs of prosecution for each two hundred (200) cigarettes found in his possession, the cigarettes shall be forfeited to the Commonwealth, and in default of the payment of the said fine and costs he shall be imprisoned

in the county jail one (1) day for each dollar of fine and costs unpaid."

Whether the Act in question unlawfully interferes with interstate commerce necessarily involves the determination of the reasonableness or the unreasonableness of its burden on commerce. It is well settled that states are not prohibited from enacting reasonable laws, under the police powers, relative to interstate commerce, provided such laws are local in their character and only incidentally affect such commerce. 15 C. J. S., Commerce, §11. "Every state police statute necessarily will affect interstate commerce in some degree, but such a statute does not run counter to the grant of Congressional power merely because it incidentally or indirectly involves or burdens on interstate commerce": *Milk Control Board v. Eisenberg Farm Products,* 306 U. S. 346, 351. The defendant vigorously asserts the issue does not revolve around the power of Pennsylvania to tax cigarettes within the State but is focused on the power of the State to burden interstate commerce by declaring it a crime to possess sigarettes [200 or more] upon which the State tax has not been paid. In support of his contention defendant suggests various results which might be resolved by the application of the Act to hypothetical situations. He cannot ignore the findings of the court below, supported by credible evidence, in his quest for comfort in hypotheses. Viewing the record in light of these findings, defendant's conjured situations become totally irrelevant. Consideration of the instant case must be and is necessarily restricted to the facts presented by this record. A court is not required to, and should not, anticipate factual situations to which a challenged law might be made applicable. Cf. *DeSarro v. Snowdon,* 157 Pa. Superior Ct. 150, 154, 42 A. 2d 89; *Commonwealth v. Picard,* 296 Pa. 120, 125, 145 A. 794. The presumption exists that the legislature does not

intend to violate the State or federal constitutions. [Statutory Construction Act of 1937, P. L. 1019, art. IV, §52, 46 PS §552(3)]; and the courts will not declare a statute void, unless its nullity and invalidity are beyond reasonable doubt; such doubt must be resolved in favor of legislative action. *Commonwealth v. Keary,* 198 Pa. 500, 48 A. 472; *Commonwealth v. James J. Cochran Post,* 350 Pa. 111, 38 A. 2d 250. Cf. *Brunke v. Ridley Township,* 154 Pa. Superior Ct. 182, 35 A. 2d 751; *Hotel Casey Co. v. Ross,* 343 Pa. 573, 23 A. 2d 737.

The court below found that appellant had in fact purchased cigarettes outside the State and transported them into the Commonwealth without procuring Pennsylvania cigarette tax stamps for them; that he intended as an unlicensed dealer to sell the cigarettes, wherever he might find customers for them; and that he did not proposed to transport them out of the State.

The issue briefly stated is: whether the State may, in the exercise of its police powers, prescribe a criminal penalty for violation of a statute imposing a tax, the validity of which statute cannot be seriously challenged. Cf. *Stephano Brothers v. Hamilton,* 48 Dauph. 439; *Stephano Brothers v. Secretary of Revenue,* 54 Dauph. 157. We are of the opinion the Commonwealth has properly exercised its powers in enacting this legislation. We need not labor the point that where legislative action is within the scope of the police power, fairly debatable questions as to its reasonableness, wisdom and propriety are not for the determination of the courts but for the legislative body on which rests the duty and responsibility of decision. The traffic in and use of cigarettes being a proper subject to be dealt with by the legislature [See 20 A. L. R. 926], the determination of the manner and the extent of the control of such traffic is primarily a legislative function. The fact that considerable revenue may possibly be raised and paid into the public treasury does not, of itself, indicate that the Act was

passed as a revenue measure, nor destroy its character as a regulatory act where the apparent object is to control, regulate and restrict the traffic. Cf. *State v. Packer Corporation*, 77 Utah 500, 297 Pac. 1013. The statute in question, it follows, is a valid exercise of the State's police powers; it neither creates an economic barrier to commerce between the states nor otherwise discriminates against such commerce. It becomes readily apparent that no unreasonable burden is imposed upon interstate commerce requiring us to nullify it as unconstitutional legislation. 15 C. J. S., Commerce, §11. Cf. *Head v. Cigarette Sales Co.*, (Ga.), 4 S. E. 2d 203, 209.

Although the matters are not seriously pressed by defendant, we may further observe that the challenged Act does not deny defendant equal protection of the law nor deprive him of property without due process of law. The police powers have not been exercised in an arbitrary, capricious or discriminatory manner. The legislature has recognized that many there might be whose business it is to effect sales of cigarettes but who seek to avoid proper regulations by failing to secure a license as dealers pursuant to the Cigarette Tax Act of 1935, as amended, supra. It apparently recognized that the penalty provided in the Cigarette Tax Act failed to effect proper compliance therewith and resulted in an unlicensed dealer avoiding regulations imposed on a licensed dealer to the serious disadvantage of the latter's business. The legislature has wisely sought, by enactment of the 1947 statute, to remedy that evil, to enforce compliance with the licensing Act, and to place all cigarettes for sale by dealers in the State on a basis of equal competition. It is interesting to note that the legislature has incorporated in the Cigarette Tax Act of 1949, No. 25, §11(e), the precise penalties as those contained in the presently challenged Act of 1947.

The defendant claims to derive immunity from the application of the "original package" doctrine. This sanctuary, to which have fled many violators of police statutes, furnishes no haven for this defendant. Immunity from taxation or from regulation in interstate commerce, dissimilarly from imports, depends primarily upon the reasonableness of the regulation or the burden on such commerce. Where the taxes or regulations do not attempt to discriminate against the sale of cigarettes of another state but are applied or are imposed upon all cigarettes, regardless of origin, interstate commerce is not fettered: *Sonneborn Bros. v. Keeling*, 262 U. S. 506. Too, it must be noted, the cigarettes in this case had reached their destination in this State, where they were held for sale. Moreover, the court here observed the testimony as to the original package for shipment purposes was vague and inconclusive. Any right which the defendant desired to secure from the "original package" doctrine would have to be proved and justified by him by clear and affirmative proof. It is not enough to aver the existence of such a right.

The cigarettes in the possession of defendant, a dealer, were subject to the excise tax under §4 of the Act of 1935, supra, as amended, 63 PS §3157, and since the Commonwealth possessed the power to tax appellant's cigarettes, it possessed the corresponding power to impose reasonable regulations [Act of 1947] designed to insure collection of the tax and reasonable penalties for evasion thereof. Cf. *Head v. Cigarette Sales Co.,* supra.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal was made a supersedeas.