## Commonwealth, Appellant, *v.* Bristow.

449

450

Argued October 9, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

reargument refused February 10, 1958.

*Thomas D. McBride,* Attorney General, with him *Frank P. Lawley, Jr.,* Deputy Attorney General, and *George C. Eppinger,* District Attorney, for appellant.

*John W. Keller* and *Thomas J. MacBride,* for appellee.

OPINION BY RHODES, P. J., January 21, 1958:

Defendant, Val S. Bristow, was indicted, tried, and convicted by a jury for the violation of the Act of May 15, 1939, P. L. 134, as amended, 35 PS §1271 et seq., hereinafter referred to as the "Fireworks Law," which prohibits, except in certain cases, the sale, offering or exposing for sale and use of fireworks. The court below held that the Law was unconstitutional, as it relates to the prohibition of the sale, the offering for sale, or the use of fireworks by the general public. The motion in arrest of judgment was granted, and defendant was ordered discharged. See Act of June 15, 1951, P. L. 585, §1, 19 PS §871. The Commonwealth has appealed. See *Com. v. Dellcese,* 155 Pa. Superior Ct. 120, 122, 38 A. 2d 494.

The charge against defendant as laid in the indictment was as follows: "That Val S. Bristow, . . . on the 3rd day of August [1956] . . ., at the Borough of Waynesboro . . . did then and there unlawfully offer for sale, expose for sale or sell at retail, fireworks, to-wit: toy cannon, in which explosives or a combination of substances are used for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation." The indictment was drawn substantially in accord with that portion of the Law prohibiting the sale of toy cannons in which explosives are used for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation.

Section 1 of the Law, 35 PS §1271, provides: "The term 'fireworks' shall mean and include any combustible or explosive composition or any substance or combination of substances, or . . . any article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include . . . toy cannons in which explosives are used, . . ."

Section 2 of the Law, 35 PS §1272, provides: ". . . it shall be unlawful for any person . . . to offer for sale, expose for sale, sell at retail, or use or explode any fireworks: . . ."

Defendant is a merchant in the Borough of Waynesboro, Franklin County. In his store he had for sale, and was selling, toy cannons and tubes of calcium carbide which were labeled "Bangsite." The cannons were of two sizes. They are mounted on wheels and consist of a chamber, charger, igniter, and barrel. They operate in the following manner: Water is placed in the chamber and "Bangsite" is placed in a separate mechanism called the charger. The plunger on the charger is pushed in to permit a measured portion of the "Bangsite" to drop into the water in the chamber. A gas is thus formed, known as acetylene gas, which unites with air, whereupon the cannon is ready to be fired. The plunger of the igniter is then pressed; this causes a hot spark which ignites the gaseous mixture; the explosion produces a loud report and a flash emanates from the barrel.

Defendant frankly admitted selling the items in question. Their operation was demonstrated before the jury, and likewise demonstrated at the argument of the present appeal before this Court. The court below in sustaining the motion in arrest of judgment was of the opinion that the definition of the term "fireworks" in section 1 of the Law, 35 PS §1271, was so broad as to

encompass matters which were not inherently inimical to public health and safety; that it went beyond the scope of the proper exercise of the police power; and that, being a criminal statute, it was too vague and indefinite. In its further criticism of the Law the court said that those portions of the definition of fireworks referring to "any combustible . . . composition or . . . substance" and "any article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation" were sufficiently comprehensive to include such items as charcoal, briquettes, coal, matches, candles and numerous other items.

It must be recognized that the only matter properly before the court below on the constitutional question was the Law as it applied to this defendant. In *Com. v. Paul,* 177 Pa. Superior Ct. 289, 293, 111 A. 2d 374, 375, we said: ". . . the defendant must confine his complaint to the statute as it applies to him. He cannot become the self-appointed champion of the supposed rights of others. 'In all criminal prosecutions accused, to entitle him to raise the question of the constitutionality of a statute or ordinance, must show that his rights are adversely affected by it; and, more particularly, that his rights are thus affected by the particular feature of the statute alleged to be in conflict with the constitution. It is not sufficient that the statute may impair the rights of others.' " . See, also, *Eisenhart v. Pennsylvania Milk Control Board,* 125 Pa. Superior Ct. 483, 485, 190 A. 405.

Defendant was charged with having violated that particular portion of the Law which prohibited the sale of toy cannons in which explosives are used to produce a visible or an audible effect. It is obvious that the court failed to give consideration to the Law as applied to this defendant, that is, the sale of toy cannons as

defined in the Law. We think that, if its inquiry had been properly limited, the court would have found no basis for declaring the Law unconstitutional on the grounds that it related to conduct which was "beyond the police power of the legislature to prohibit," and that it was vague and indefinite.

Like all legislation, the Fireworks Law must be interpreted in the light of its general purposes. It was enacted under the general police power of the Commonwealth for the protection of the health, safety, and general welfare of the public. See *Ex parte Clark,* 140 S. W. 2d 854; *Cannon v. City of Dallas,* 263 S. W. 2d 288; *Treadgill v. State of Texas,* 275 S. W. 2d 658. With this defendant agrees. In fact, defendant also concedes that "toy cannons in which explosives are used" are fireworks, and that there is a substantial element of danger in their use by children and the public generally, and that their sale may validly be proscribed. With these admissions it is difficult to follow those portions of defendant's argument devoted to the contention that the definition of fireworks is vague and indefinite. As we have indicated, we are concerned here only with one variety of fireworks proscribed by the Law. Whether a prosecution under any other portion of the definition of fireworks would be valid or invalid is a matter which is not now before us. However, defendant also argues that the Law, as applied to him in this instance and to these toy cannons, is unconstitutional because the cannons are not inherently dangerous to public health and safety. Of course, it is true that the Legislature under the guise of the exercise of the police power may not regulate or prohibit conduct which bears no reasonable and substantial relationship to the promotion of the health, safety, morals and general welfare of the public. *Schmalz v. Buckingham Township Zoning Board of Adjustment,*

389 Pa. 295, 300, 132 A. 2d 233; *Gambone v. Commonwealth,* 375 Pa. 547, 550-552, 101 A. 2d 634; *Com. v. Zasloff,* 338 Pa. 457, 460, 13 A. 2d 67. But we hold that the toy cannons in the instant case clearly come within the statutory definition of fireworks, and that the prohibition of their sale is directly related to the promotion of the health, safety, and general welfare of the public. The record establishes the validity of our conclusions.

The Fireworks Law specifically prohibits the sale of toy cannons in which explosives are used. The word "explosives," however, is not defined in the Law. It must therefore be presumed to have been used by the Legislature in its ordinary sense, that is, according to common understanding. *Com. v. DeWan,* 181 Pa. Superior Ct. 203, 207, 124 A. 2d 139. An explosive in the ordinary sense of the word is comprehensive, and would obviously include gunpowder and similar substances, but it is not necessarily limited thereto. Generally it may be said that an explosive is a substance (or a combination of substances) which upon rapid decomposition or combustion causes an explosion, that is, a violent bursting or expansion with noise. See *Allen v. Insurance Company of North America,* 175 Pa. Superior Ct. 281, 284, 104 A. 2d 191. " 'An explosion produced by ignition, according to common understanding, may be accurately enough described for practical purposes as a sudden and rapid combustion, causing a violent expansion of the air, and producing a report more or less loud, according to the resistance offered. That it greatly varies in its degrees of violence and the effects produced are facts fully within the knowledge of all.' " *Tannenbaum v. Connecticut Fire Insurance Co.,* 127 Pa. Superior Ct. 278, 284, 193 A. 305, 308. A distinguishing characteristic of an explosion is the detonation. *Allen v. Insurance Company of North America,*

*supra,* 175 Pa. Superior Ct. 281, 284, 104 A. 2d 191. It is a fact that not all substances which may cause an explosion may be termed an explosive, for example, steam which causes a boiler to burst or explode. See *Anchor Life Ins. Co. v. Meyer,* 111 N. E. 436, 437, 61 Ind. App. 35. In the present case we are not concerned with ordinary harmless or useful substances which, through accident or chance, become explosive. The toy cannons here involved are devices specifically designed to create an explosive mixture in order that an explosion may intentionally be produced.[1] Their purpose is to receive and combine in proper proportions the calcium carbide, water, and air in order to produce an explosive mixture which can be ignited to cause a violent bursting or explosion of air with a loud report and a flash. We are not impressed by the argument of defendant that the cannons do not operate solely by the introduction of a single explosive element. As a matter of fact, when the calcium carbide is mixed with water and air in the cannons, acetylene gas is produced which in turn combines with air and becomes explo-

---

[1] Defendant's expert witness, Dr. Laird B. Anderson, testified:

". . . an explosive is a substance which undergoes or which can undergo a very rapid decomposition into hot gases and these gases will have a volume much greater than the original material."

Although the witness denied that acetylene gas was an explosive under the technical definition of the term, his description of what happens when the gas combines with air in the chambers of these cannons clearly indicates that it is then an explosive. The witness also testified that the mixture differed from ordinary explosives in that the latter already included oxygen in their substance.

It is also significant that another of defendant's witnesses, Dr. J. H. Wiley, stated that, as a result of firing the cannon into human hair, "It would melt the hair, just cause it to color a little bit."

sive, and does in fact explode when a hot spark is introduced. It obviously follows that the toy cannons are devices in which explosives are used within the meaning of the Law. Whether the substances may be harmless individually is immaterial under the circumstances. The controlling factor is that the cannons are specifically designed to combine the substances to create an explosive mixture which is then intentionally exploded by a hot spark to produce the loud report and the concomitant flash.

From the testimony and from the demonstration we are convinced that these are toy cannons in which explosives are used, and that they are of such a nature that the Legislature properly prohibited their sale in order to promote the public health, safety, and general welfare. The evidence establishes that the explosion which results is not harmless or of insignificant effect. Although the explosion may not be of sufficient force to substantially damage a human hand, it would certainly not be harmless to the human eye. There could be no other permissible conclusion even from the testimony of defendant's own witness. Children in particular need protection from such devices.[2] Children are naturally inquisitive about such objects, and they would be inclined to look into the barrel of these toys or point them at the faces of other children. Visible flame and expanding gases obviously would be dangerous in such situations. Moreover, the report or noise produced may be of sufficient intensity to amount to a nuisance. It was the legislative intent that the explosion of such fireworks should be proscribed as a danger to health and safety and as a nuisance resulting from the unreasonable audible effect.

---

[2] The use of fireworks has produced a tragic record of accidents, especially to children.

It was not necessary for the Commonwealth to produce expert testimony on the danger of the toy cannons and their general effect on the public safety and general welfare. The demonstration of the cannons afforded evidence of their characteristics and propensities. Cf. *Block v. Mills,* 29 Pa. Dist. R. 575. The Commonwealth's evidence sustains the charge.

Admittedly, criminal statutes must be strictly construed; but they must also be construed with common sense. *Com. v. Paul,* supra, 177 Pa. Superior Ct. 289, 292, 111 A. 2d 374. We are not concerned with the fact that by some strained construction the Law might include harmless matters such as coal, charcoal, briquettes, or even candles. We will decide those cases when they are properly presented to us. *Com. v. Paul,* supra, 177 Pa. Superior Ct. 289, 293, 111 A. 2d 374. We are all of the opinion that the statute is not vague and indefinite as it applies to this defendant. As we have said, it seems to us that the sale of these toy cannons clearly constitutes the sale of fireworks as defined in the law. A statute, especially one which promotes the health, safety, and general welfare of the public, will not be declared unconstitutional unless its nullity and invalidity are beyond a reasonable doubt. *Com. v. Flickinger,* 165 Pa. Superior Ct. 95, 100, 67 A. 2d 779, affirmed 365 Pa. 59, 73 A. 2d 652, certiorari denied 340 U. S. 843, 71 S. Ct. 33, 95 L. Ed. 618; *Com. v. Dougherty,* 156 Pa. Superior Ct. 520, 525, 40 A. 2d 902. A legislative enactment endures until it plainly and unquestionably appears that the challenged statute violates the fundamental law. *Hertz Drivurself Stations, Inc. v. Siggins,* 359 Pa. 25, 33, 58 A. 2d 464. The burden of proof is upon the one who claims that the statute is unconstitutional. *Loomis v. Philadelphia School District Board of Education,* 376 Pa. 428, 431, 103 A. 2d 769. "We have not been unmindful that

it is our duty to give, if possible, an interpretation of this statute that will not conflict with the constitution (Hotel Casey Co. v. Ross et al., 343 Pa. 573, 23 A. 2d 737), and that there is a presumption against legislative violation of the constitution: Brunke v. Ridley Twp., 154 Pa. Superior Ct. 182, 35 A. 2d 751; Statutory Construction Act, Art. IV, §52 (3), 46 P.S. §552 (3). We might add that the presumption of legislative intent existed prior to the adoption of the Statutory Construction Act: Craig v. First Presbyterian Church, 88 Pa. 42; Reeves v. Phila. Suburban Water Co., 287 Pa. 376, 135 A. 362." *Com. v. Frank,* 159 Pa. Superior Ct. 271, 277, 48 A. 2d 10, 13.

Finally we turn to defendant's argument that the indictment does not charge him with selling "toy cannons in which explosives are used," but with selling "toy cannon in which explosives or a combination of substances are used for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation." Although a "combination of substances" may be an explosive or fireworks, at most, such words in the present indictment may be surplusage, and if eliminated the validity of the indictment upon which defendant was found guilty is not affected. *Com. v. Havrilla,* 38 Pa. Superior Ct. 292, 297.

A motion for new trial was filed by defendant at the same time as the motion in arrest of judgment. The motion for a new trial was not considered or disposed of by the court below in view of the grant of the motion in arrest of judgment. It is necessary that disposition be made of the motion for a new trial. Therefore, we will reinstate the motion for a new trial, and remit the record to the court below for consideration of the reasons advanced therein by defendant, and for the proper disposition thereof by the court. *Poch v.*

*Equitable Life Assurance Society,* 343 Pa. 119, 131, 22 A. 2d 590. See, also, *Com. v. Pennsylvania Railroad Company,* 72 Pa. Superior Ct. 353, 360.

The order in arrest of judgment is reversed, and the record is remitted to the court below for consideration and proper disposition of defendant's motion for a new trial.