Commonwealth, Appellant, *v.* Arnold.

Argued September 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Elmer T. Bolla,* Deputy Attorney General, with him *Ervin S. Fennell, Jr.,* Assistant District Attorney, *John K. Reilly, Jr.,* District Attorney, *R. Joel Weiss,* Deputy

446

Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellant.

*Carl A. Belin, Jr.,* with him *Belin & Belin,* for appellee.

OPINION BY JACOBS, J., November 13, 1969:

Section 625.1 of The Vehicle Code, as last amended July 15, 1968, P. L.   , 75 P.S. §625.1, provides, inter alia, as follows: "Any person operating or riding on a motorcycle shall wear both protective headgear and if such person is not wearing eyeglasses, an eye shield of a type approved by the secretary." After the effective date of the act the appellee operated a motor vehicle without wearing protective headgear, and was charged with a violation of the act before a justice of the peace in Clearfield County. Appellee waived a hearing before the justice of the peace and posted bond for trial before the Court of Common Pleas of Clearfield County, Criminal Division, formerly Court of Quarter Sessions.

Before the Clearfield County Court, the appellee asserted that the act requiring him to wear protective headgear was unconstitutional. No testimony was taken and after argument the court concluded that the disputed section of the act was unconstitutional and made the following order: "[T]he appeal is sustained, the charges dismissed and cash bail, if any, shall be returned to the party who supplied the same." The Commonwealth has appealed from this order.

The first question to be decided is whether the Commonwealth has a right to appeal in this case. If the order of the lower court be considered an acquittal, then the Commonwealth has no right to appeal. *Commonwealth v. Hollinger,* 170 Pa. Superior Ct. 180, 84 A. 2d 794 (1951); *Commonwealth v. Lodge No. 148, L.O.O.M.,* 188 Pa. Superior Ct. 531, 149 A. 2d 565

(1959). Where, however, the question involved is purely one of law the Commonwealth may appeal from an adverse ruling in a criminal case. *Gaskins Case,* 430 Pa. 298, 305, 244 A. 2d 662, 666 (1968). For example, the Commonwealth may appeal where an indictment has been quashed, or judgment arrested after verdict of guilty,[1] or from an order quashing the information.[2]

In this case no testimony was presented. The only question raised was the constitutionality of the act. There was obviously no intention on the part of the lower court to find the appellee not guilty of violating the prohibition of the code. The court, in its memorandum, says: "Defendant operated a motorcycle without wearing headgear," a fact in itself sufficient to convict appellee. The ruling below was purely one of law and not an acquittal.[3] It was similar to quashing the information or arresting judgment, and appealable by the Commonwealth.

Precedent for our holding is found in *Commonwealth v. Pahlman,* 118 Pa. Superior Ct. 175, 179 A. 910 (1935). In that case, defendant was arrested for operating a truck which was overweight in violation of a borough ordinance. On appeal, the county court discharged the defendant because the signs posting the weight limit were insufficient in that they

[1] See *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328 (1961).

[2] See *Commonwealth v. Hallberg,* 168 Pa. Superior Ct. 596, 81 A. 2d 270 (1951).

[3] In *Commonwealth v. Benson,* 94 Pa. Superior Ct. 10, 12-13 (1928), where we held that an order that "the judgment of the alderman is not sustained and the defendants are discharged" was equivalent to an acquittal, there had been a full hearing de novo and the judgment was on the facts as well as the law. When the action of the court whereof the Commonwealth complains is based on a mixture of law and fact the Commonwealth cannot appeal. *Commonwealth v. Melton,* supra n.1.

did not set forth by what authority they were posted. The Commonwealth appealed and, on a motion to quash, our Court said that the judgment did not show a clear intent to find the defendant innocent, but was in the nature of a quashing of the conviction on a question of law, or a discharge in arrest of judgment, and could be appealed by the Commonwealth. Also, see *Commonwealth v. Reitz,* 156 Pa. Superior Ct. 122, 39 A. 2d 522 (1944), where, on appeal from a summary conviction, the Court found that defendant had violated the act in question, but concluded that the act was unconstitutional and discharged the defendant. We held that defendant was discharged on a pure question of law and the Commonwealth could appeal.

The impetus for the above quoted portion of section 625.1 of The Vehicle Code, as well as similar enactments in other states, is the Federal Highway Safety Act of 1966, 23 U.S.C. §§401-404 (Supp. 1967). The states have been encouraged to adopt similar standards for highway safety by the control of federal highway appropriations. One of the specific program requirements established by the National Highway Safety Bureau is the requirement that motorcycle riders wear protective headgear. As a result, over half the states have enacted laws similar to the one in question.

At argument below the district attorney agreed with appellee that the act was unconstitutional. In a brief opinion, the court stated that it did not find any promotion of public safety flowing from the statute to justify an infringement of appellee's freedom of action as guaranteed by the 9th and 14th Amendments of the United States Constitution and section 1, article 1, of the Pennsylvania Constitution. Rather, the court found that the legislative concern behind the act was directed only to the protection of the individual motorcyclist. We do not agree with this conclusion.

The appellee was riding a Yamaha "trail bike" on a neighborhood street in Clearfield without a helmet at the time he was arrested. Admittedly he was riding a "motorcycle" on a "highway" as the terms are defined in section 102 of The Vehicle Code, 75 P.S. §102. He argues, however, that the statute is too broad because it imposes its requirements on motorcyclists operating on beaches, in parks, and on mountain trails. We will not consider this argument because we must decide the constitutional question on the facts presented by the record. As we said in *Commonwealth v. Flickinger*, 165 Pa. Superior Ct. 95, 99, 67 A. 2d 779, 781 (1949), *aff'd* 365 Pa. 59, 73 A. 2d 652 (1950), *cert. denied*, 340 U.S. 843 (1950), "[c]onsideration of the instant case must be and is necessarily restricted to the facts presented by this record. A court is not required to, and should not, anticipate factual situations to which a challenged law might be made applicable." When those cases are properly presented to us we will decide them. *Commonwealth v. Bristow*, 185 Pa. Superior Ct. 448, 458, 138 A. 2d 156, 161 (1958).

The state regulates the use of highways in the Commonwealth as a valid exercise of the police power. *Maurer v. Boardman*, 336 Pa. 17, 7 A. 2d 466 (1939). A system of general regulations, such as The Vehicle Code, is necessary to promote the safety of persons and property within the state. *Maurer v. Boardman*, supra. Our inquiry, then is whether this section of The Vehicle Code has a reasonable relation to this legislative purpose and is not arbitrary or capricious. In making this determination it must be remembered that in order to accomplish this purpose the state "may limit the enjoyment of personal liberty and property." *Gambone v. Commonwealth*, 375 Pa. 547, 551, 101 A. 2d 634, 636 (1954). We are also bound by a strong presumption of constitutionality and the re-

450

quirement of a clear demonstration that the statute is unconstitutional. *Commonwealth v. Bristow,* supra.

Since the enactment of similar laws in other jurisdictions, a split of authority has developed in the decisions rendered concerning their validity. The majority view finds these enactments to be a valid exercise of the state's police power. See *Connecticut v. Burzycki,* 37 U.S.L.W. 2448 (Conn. Cir. Ct. App. Jan. 17, 1969); *Everhardt v. New Orleans,* 253 La. 285, 217 So. 2d 400 (1969), *appeal dismissed,* 89 S. Ct. 1775 (1969); *Commonwealth v. Howie,* 238 N.E. 2d 373 (Mass. 1968), *cert. denied,* 393 U.S. 999 (1968); *People v. Carmichael,* 56 Misc. 2nd 388, 288 N.Y.S. 2d 931 (Genesee County Ct. 1968); *State v. Anderson,* 275 N.C. 168, 166 S.E. 2d 49 (1969); *State v. Odegaard,* 165 N.W. 2d 677 (N.D. 1969); *State v. Lombardi,* 241 A. 2d 625 (R.I. 1968); *Bisenius v. Karns,* 42 Wis. 2d 42, 165 N.W. 2d 377 (1969). For the opposite view see *American Motorcycle Assoc. v. Davids,* 11 Mich. App. 351, 158 N.W. 2d 72 (1968); and *Illinois v. Fries,* 37 U.S.L.W. 2683 (Ill. Supreme Ct. May 28, 1969), where similar statutes were held unconstitutional. This conflict is also present within the lower courts of this Commonwealth. In *Commonwealth v. Molter,* No. S.A. No. 7 (Pa. C.P. Delaware, July 30, 1969), the court found that section 625.1 is substantially related to public safety and, therefore, a constitutional exercise of police power.[4]

Perhaps the reason for the difficulty which the courts have had in deciding the validity of these statutes lies in the fact that dual protection is afforded by them. Under the doctrine of police power the state may only restrict the individual's freedom of action

---

[4] On October 14, 1969, the Court of Common Pleas of Dauphin County in the case of *Sheneman v. Commonwealth,* No. 101 Commonwealth Docket 1969, No. 2922 Equity Docket, handed down a decree nisi upholding the constitutionality of section 625.1.

in order to protect the safety or welfare of the public. The challenge to requiring that motorcyclists wear protective headgear is based on the argument that, by doing so, only the rider himself benefits.

Obviously the motorcyclist's risk of serious head injury is substantially reduced, thereby making the law beneficial to him. But this is not to say that there is no benefit flowing to the public from the same requirement. The basis for such public benefit was well stated in *State v. Lombardi,* supra at 627. "[T]he requirement of protective headgear for the exposed operator bears a reasonable relationship to highway safety generally. It does not tax the intellect to comprehend that loose stones on the highway kicked up by passing vehicles, or fallen objects such as windblown tree branches, against which the operator of a closed vehicle has some protection, could so affect the operator of a motorcycle as to cause him momentarily to lose control and thus become a menace to other vehicles on the highway." As opposed to an enclosed four-wheeled vehicle, the motorcycle provides little protection or stability. Consequently, the potential for loss of vehicle control caused by a slight injury to the head or face of a rider is infinitely greater. In our opinion this regulation bears a reasonable and substantial relation to the attainment of public safety on the highways and as such meets the requirements of constitutional validity. See *Maurer v. Boardman,* supra; and *Hertz Drivurself v. Siggins,* 359 Pa. 25, 58 A. 2d 464 (1948).

The order is reversed and the case remanded to the court below for proper proceedings to determine the guilt or innocence of the appellee.

HOFFMAN, J., concurs in the result.