378 A.2d 884

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Raymond PARRISH.**

Superior Court of Pennsylvania.

Argued June 17, 1977.

Decided Oct. 6, 1977.

James J. Rosini, District Attorney, Milton, for Commonwealth, appellant.

A. Stephen Cohen, Sunbury, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant Commonwealth contends that: (1) the lower court improperly granted appellee's demurrer after the Commonwealth presented its case, and (2) the trial judge should have recused himself because he had represented appellee in an earlier stage of the criminal proceedings. We

vacate the order granting appellee's demurrer because the lower court improperly considered the prosecutrix's credibility in ruling on the request for a demurrer. If the Commonwealth retries appellee, a new judge should conduct the proceedings.

On March 27, 1974, the prosecutrix filed a private criminal complaint accusing appellee of neglect to support a bastard child.[1] On September 18, 1975, after a jury trial in the Northumberland County Court of Common Pleas, appellee was found guilty. However, on December 19, 1975, the presiding judge granted appellee's post-verdict motion for a new trial because appellee produced after-discovered evidence. On June 24, 1976, a second trial commenced before a jury and a different judge in the Northumberland County Court of Common Pleas. At the beginning of trial, the Commonwealth's attorney[2] asked the trial judge to recuse himself because the judge had represented appellee at an earlier stage of the criminal proceedings. The trial judge refused to disqualify himself. The Commonwealth then presented the testimony of the prosecutrix, her father, and a female friend of the prosecutrix. At the end of the Commonwealth's case, the trial court granted appellee's demurrer and dismissed the charge. The Commonwealth subsequently appealed.

■ The Commonwealth first contends that the lower court improperly sustained a demurrer to its evidence. In ruling on a request for a demurrer, the trial court must determine whether the Commonwealth's evidence, if believed by the factfinder, and all reasonable inferences stemming from this evidence establish the elements of the crime charged. *Commonwealth v. Long*, 467 Pa. 98, 354 A.2d 569

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 4323. 18 Pa.C.S. § 4323 provides, in pertinent part: "A person is guilty of a misdemeanor of the third degree if he, being a parent, willfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth."

2. The lower court allowed a private attorney to act as a special prosecutor on behalf of the Commonwealth and the prosecutrix.

(1976); *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); Act of June 5, 1937, P.L. 1703, No. 357, § 1; 19 P.S. § 481.

In the instant case, the prosecutrix's testimony, if believed, established all the elements of the charge of neglect to support a bastard child: (1) appellee's status as parent, (2) the illegitimacy of appellee's child, and (3) appellee's refusal to support his child. The prosecutrix presented the following testimony: she had intercourse with appellee, and with no one else during the period May–July, 1973. On March 19, 1974, she gave birth to an illegitimate son. Appellee refused to support this child. The trial court, however, refused to allow the jury to consider and evaluate the Commonwealth's *prima facie* case. Instead, the court sustained a demurrer because the *weight* of the evidence was insufficient to establish appellee's guilt beyond a reasonable doubt. In particular, the court canvassed various inconsistencies in the prosecutrix's testimony in reaching its decision. By so doing, the court usurped the jury's province. Because the trial court improperly considered the prosecutrix's credibility in granting the demurrer, we believe that the order granting the demurrer and dismissing the charge must be vacated.[3]

On remand, trial should be conducted before a new judge who has not represented appellee at any earlier stage of this criminal proceeding. As the concurring opinion

**3.** The concurring opinion does not consider the merits of the lower court's decision to grant appellee's demurrer because it concludes that the trial judge should have disqualified himself. Analytically, this approach is erroneous. We must *first* consider the propriety of the lower court's decision to grant appellee's demurrer. The issue of possible trial court bias does not enter into the purely legal determination of whether the Commonwealth has produced sufficient evidence to withstand a demurrer. If we determine that the lower court properly granted the demurrer because the Commonwealth failed to adduce testimony which, if believed by the jury, would establish all elements of the crime of neglect to support a bastard child, then we could not order a new trial, *regardless of whether the trial judge should have recused himself.* In sum, whether or not to grant a demurrer is purely a legal question which must be reviewed apart from, and prior to, the issue of alleged trial court bias.

notes, the appearance of judicial integrity and neutrality mandates that a judge who has represented a party in a proceeding remove himself from further participation in that case.[4] Specifically, The Code of Judicial Conduct, Canon 3(C)(1)(b) provides: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: . . . he served as lawyer in the matter in controversy . . . ." Accordingly, if the Commonwealth retries appellee, a new trial judge must conduct the proceedings.

Order granting demurrer and dismissing charges vacated.

WATKINS, President Judge, files a concurring opinion in which PRICE and VAN der VOORT, JJ., join.

WATKINS, President Judge, concurring:

The Code of Judicial Conduct, Canon 3, C(1)(b) recites: "(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned including but not limited to instances where: (b) he served as lawyer in the matter in controversy . . . ." The Act of 1843 specifically applies to criminal proceedings. Act of 1843, April 4, P.L. 131, § 8, 17 P.S. 587.

The appellee was first tried September 17, 1975, before then President Judge Michael Kivko and found guilty of the charge of neglect to support a bastard child. He was granted a new trial which was scheduled before President Judge Peter Krehel. The Special Prosecutor made a written request to the trial judge to disqualify himself and call in an outside judge. The prosecutrix in this case was represented by private counsel as special prosecutor for the Commonwealth. The trial judge had served as counsel for appellee at an earlier stage of the criminal proceedings prior to his election, but refused to disqualify himself at trial. The

4. Appellee asserts that the only other judge in the judicial district who could hear the case was the former District Attorney; his impartiality could also be questioned. If this contention is correct, and if appellee objects to trial before the former district attorney, then a judge from another judicial district must be appointed to try this case.

182

Commonwealth again, at trial, requested that the trial judge disqualify himself because of his prior involvement with the appellee and he again refused. After the introduction of the Commonwealth's case, he granted a demurrer.

The appellee argues that the only other judge in the judicial district was the former District Attorney and the same question may be raised as to his impartiality. The trial judge, however, was faced with the request by the appellee to disqualify himself. He could have assigned it to his associate judge in the judicial district and then the appellee would have had the option to seek his disqualification as the former District Attorney and an outside judge would be required to hear the case or the appellee could have waived and agreed to have the case tried by the associate judge. The trial judge should have disqualified himself to remove even a hint of prejudice or bias. The integrity of the court must be above question.

PRICE and VAN der VOORT, JJ., join in this concurring opinion.