Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant v. Lee Bowman Asphalt, Inc., Appellee.

Argued June 6, 1980, before Judges WILKINSON, Jr., MacPHAIL and WILLIAMS, Jr., sitting as a panel of three.

*Albert E. Vogel, Jr.*, Assistant Attorney General, with him *John P. Krill, Jr.*, Assistant Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 25, 1980:

The Pennsylvania Department of Environmental Resources (DER) has appealed to this Court from an order of the Court of Common Pleas of Clinton County, which quashed DER's appeal to the lower court from a summary proceeding before a district justice.

In September, 1978, DER filed summary charges against Lee Bowman Asphalt, Inc. (defendant), the instant appellee, for violations under the Air Pollution Control Act.[1] In November, 1978, the matter was heard before a district justice, who sustained the defendant's demurrrer to DER's evidence. DER appealed that ruling to the Court of Common Pleas of Clinton County.

---

[1] Act of January 8, 1960, P.L. (1959) 2119, §§1 et seq., *as amended*, 35 P.S. §§4001 et seq. The defendant was also charged with violating 25 Pa. Code §123.41(1).

On the defendant's motion the lower court quashed DER's appeal, concluding that the Commonwealth had no right of appeal from a summary proceeding. For that conclusion the lower court adopted as authority its own decision in the case of *Commonwealth v. Culvey,* 3 Pa. D. & C. 3rd 45 (1977). That case took the position that the right of appeal granted by Article V, Section 9, of the Pennsylvania Constitution[2] was not self-executing, and that no legislation had implemented that grant to give the Commonwealth a right of appeal from the summary proceeding.

The conclusion that Article V, Section 9, is not self-executing finds support in decisions of our appellate courts. That conclusion was reached by the Supreme Court in *Smethport Area School District v. Bowers,* 440 Pa. 310, 314, 269 A.2d 712, 715 (1970); and that conclusion was reiterated by this Court in *Manheim Township School District v. State Board of Education,* 1 Pa. Commonwealth Ct. 627, 634, 276 A.2d 561, 564 (1971). Both of these decisions held that the rights of appeal generally declared in Article V, Section 9, require statutory implementation.

However, even assuming that statutory implementation is required to give the Commonwealth a right of appeal from a summary proceeding, we conclude that such implementation had taken place and was in effect when the Commonwealth appealed to the court below. Section 5105(a) of the Judicial Code, 42 Pa. C. S. §5105(a), provides in pertinent part as follows:

---

[2] Pa. Const. Art. V, §9. The full text of Section 9 is as follows: There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

There is a right of appeal under this subsection from the *final order* (including an order defined as a final order by general rule) of every:

(1) Court or *district justice* of this Commonwealth to the court having jurisdiction of such appeals.

(Emphasis added.)[3]

In clear terms Section 5105(a) of the Judicial Code grants a right of appeal from a final order of a district justice. In so providing, that Section makes no distinction between civil proceedings and criminal, and no distinction between Commonwealth and defendant. Therefore, regarding the instant case, the Commonwealth did not have an appellate disability merely because the order in issue occurred in a summary proceeding before a district justice.

The remaining question is whether the order of the district justice, sustaining the demurrer, was by its nature one from which the prosecution could not appeal.

An order sustaining a demurrer to evidence is a final order *Commonwealth v. Wydo,* 205 Pa. Superior Ct. 62, 208 A.2d 12 (1965). It is well settled in Pennsylvania law that an order granting a demurrer, properly entered, is purely a question of law and is appealable by the Commonwealth. *E.G., Commonwealth v. Wimberly,* 488 Pa. 169, 411 A.2d 1193 (1979); *Commonwealth v. Long,* 467 Pa. 98, 354 A.2d 569 (1976); *Commonwealth v. Simpson,* 310 Pa. 380, 165 A. 498 (1933). An exception to that general rule exists where the order sustaining a demurrer is a *de facto* acquittal. *See Commonwealth v. Wimberly, supra.* However, that exception is not a consideration in the instant

---

[3] Section 5105(a) took effect on June 27, 1978. The summary proceeding was held in November 1978; and the appeal to the lower court was filed in December 1978.

case : both parties entered into a stipulation, and made it part of the record below, that the district justice's order was one sustaining a demurrer made by the defendant after the Commonwealth had presented its evidence in the summary proceeding.

For the reasons set forth, we reverse the order of the lower court quashing the Commonwealth's appeal and we remand this case to the lower court to proceed accordingly.

ORDER

AND Now, the 25th day of September, 1980; the order of the Court of Common Pleas of Clinton County at No. 43 of October Term 1978 is reversed and the matter is remanded to that court to hear the appeal taken to that court by the Commonwealth.