## Commonwealth v. Laulis

David J. Brightbill, for Commonwealth.
Paul R. Beckert, Jr., for defendant, Laulis.
John L. McIntyre, for defendant, Stine.

GATES, P.J., January 25, 1982 — The Commonwealth has filed a petition for appeal from the disposition of the district justice in the above captioned matters. Defendants have filed motions to dismiss and quash the appeal.

In the Commonwealth's petition, the district attorney alleges that on May 21, 1981 Trooper Leonard J. Nebistinsky investigated an accident which had occurred on Interstate Route 78. As a result of his investigation he issued a citation to James C. Laulis for driving at a speed of 30 m.p.h. on Interstate 78, which is a highway posted for a minimum speed of 40 m.p.h. Simultaneously, he issued a citation to Timothy Ross Stine for reckless driving.

Both cases were consolidated by the district justice for a hearing on July 13, 1981. At the hearing the district justice ruled that the statements made

by defendants to Trooper Nebistinsky were inadmissible evidence. There being no other proof as to defendants' speed or recklessness, the district justice dismissed both citations.

The district justice returned a transcript showing the disposition "Dis" and attached to the transcript a copy of the citation and a letter stating that the statements were excluded on the gounds that she believed them to be inadmissible hearsay.

A verdict of acquittal cannot be reviewed on appellate review, nor can a second trial be had on the offense. See, e.g. Borough of West Chester v. Lal, 493 Pa. 387, 426 A. 2d 603 (1981).

As our Supreme Court noted in Commonwealth v. Wimberly, 488 Pa. 169, 411 A. 2d 1193 (1980), the prosecution may not appeal from a verdict of "not guilty" entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceedings.

This rule is such a fundamental precept of double jeopardy jurisprudence that it has been explicitly extended to situations where an acquittal is based upon an "egregiously erroneous foundation," Sanabria v. United States, 437 U.S. 54 (1978).

In Commonwealth v. Wimberly, supra., our Supreme Court noted:

"'. . . a defendant is acquitted only "when the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged" . . . Moreover, "the trial judge's characterization of his own action cannot control the classification of the action."'"

See also United States v. Scott, 437 U.S. 82 (1978); United States v. Martin Linen Supply Co.,

430 U.S. 564 (1977); United States v. Jorn, 400 U.S. 470 (1971).

Consequently the district justice's characterization of her actions as dismissing the citation cannot control the classification of her action as a de facto acquittal for lack of sufficient evidence. Under any view of these cases, as presented in the papers before this court, the district justice has acquitted defendants.

A ruling that the Commonwealth has failed to produce sufficient evidence is an acquittal even if, as contended, it was based upon an egregiously erroneous foundation, such as the erroneous exclusion of evidence. See Sanabria v. United States, supra. and Borough of West Chester v. Lal, supra.

The Commonwealth's reliance on the Judicial Code, 42 Pa.C.S.A. 932 as well as Commonwealth Department of Environmental Resources v. Bowman, 54 Pa. Commonwealth Ct. 71, 420 A. 2d 25 (1980), is misplaced. The Act of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §932, merely provides that appeals from final orders of the minor judiciary shall be to the court of common pleas within the judicial district. As we noted above there is no right of appeal from a judgment of acquittal by a district justice to any court.

In Commonwealth Department of Environmental Resources v. Bowman, supra., the Commonwealth Court, in a somewhat tortured opinion, concluded that the Commonwealth can appeal the sustaining of a demurrer by the District Justice. We seriously question whether a demurrer based upon insufficient evidence that is sustained by a District Justice is appealable. (For an excellent treatment of this entire subject matter, see an article published in two parts in the Pennsylvania Law Journal—Reporter, Vol. IV, nos. 39 & 40, written by

Professor James A. Strazzella, Professor of Law at Temple University Law School and Chairman of the Pennsylvania Supreme Court's Criminal Rules Committee.)

We have considered this matter carefully and are satisfied that an evidentiary ruling by a district justice, or by a Common Pleas Judge for that matter, does not constitute an error of law, even if erroneous, so as to give rise to the right of the Commonwealth to appeal. Even if the states were to legislate so as to allow such appeals it would be meaningless for a re-trial of defendants would constitute a violation of the United States constitutional guarantee against double jeopardy. Thus we must dismiss these appeals.

## ORDER

And now, January 25, 1982, the Commonwealth's petition to appeal is dismissed.