## Commonwealth v. Lownsberry

*Donna Rae,* assistant district attorney, for the Commonwealth.

*James P. Diehl,* for defendant.

BROWN, *P.J.,* November 29, 1984—Defendant in these proceedings has been charged by the Game Commission with unlawful hunting practices. Following a hearing on July 23, 1984 on that citation, the district justice found him not guilty of the charge. On August 22, 1984 the Commonwealth filed a notice of appeal from the district justice's verdict of not guilty and requested a hearing de novo before this court. Defendant has filed a motion to quash the Commonwealth's appeal and following oral arguments on that motion, the matter is ready for disposition.

Initially, defendant argues that the Commonwealth's right to appeal in this proceeding is circumscribed by the double jeopardy provisions of the United States Constitution, and furthermore that the prosecution is prohibited by the provisions of 18 Pa.C.S. §109. In support of his argument defendant has cited the case of Commonwealth v. Ray, 448 Pa. 307, 292 A.2d 410 [1972] and the following statement contained therein at 311:

"The Commonwealth may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceeding. (citations omitted)."

In opposition to defendant's position, the Commonwealth asserts the case of Commonwealth v. Lee Bowman Asphalt, Inc., 54 Pa. Commw. 71, 420 A.2d 23 (1980). In Bowman which originated in this court, the district justice had sustained a demurrer to the Commonwealth's evidence. Upon the Commonwealth's appeal to this court, the appeal was quashed on the premise that the Commonwealth did not have the right to appeal the district justice's decision. The Commonwealth Court in Bowman concluded that the Commonwealth did have such a right of appeal specifically stating that the district justice's order sustaining the demurrer to the evidence was the final order and that the Commonwealth in that context had the right of appeal based upon 42 Pa.C.S. §5105(a).*

---

* The Bowman decision did not address a follow up problem incident to its ruling. In theory the Commonwealth Court held that the sustaining of the demurrer was an appealable order; by implication this suggests that the court should rule upon the propriety of the district justice's ruling. However, a summary conviction appeal is a procedure generally recognized to constitute a de novo hearing in this court. Further-

It is also to be noted that Bowman did not discuss or address the double jeopardy issue. In Commonwealth v. Staten,      Pa. Super.      , 481 A.2d 910 (1984), it was clearly held that the sustaining of a demurrer constituted an acquittal and was therefore final and unreviewable. This holding was based upon double jeopardy considerations. In view of Staten, the result in Bowman is at least questionable since constitutional limitations must control over any statutory enactments to the contrary such as 42 Pa.C.S. §5105(a).

Defendant has argued that Bowman, supra, is not apposite to the present case since in this case the district justice heard all of the evidence and made a finding of not guilty and that he did not simply sustain a demurrer to the Commonwealth's evidence. As such it is defendant's insistence that to allow the Commonwealth to appeal from the district justice's decision is to violate the double jeopardy provisions contained in Article V of the United States Constitution. The court after reviewing the matter and upon some reflection agrees with defendant's position that by requesting a de novo hearing, the Commonwealth is in effect seeking a retrial of the offense which does in fact place defendant twice in jeopardy in the proceedings. Bowman thus is a case which must be confined to its peculiar facts involving the sustaining of a demurrer and it should not properly be applied to a situation where the district

---

more, the district justice's court being a court not of record, there would be no record of the evidence which this court could evaluate in order to rule on the propriety of the district justice's sustaining the demurrer. Unfortunately, Bowman after appeal was resolved by a negotiated plea and the court did not have to face this rather perplexing issue of procedure upon remand.

justice has made a finding of not guilty after hearing all of the evidence.

Defendant further relies upon In Interest of R.R., 317 Pa. Super. 334, 464 A.2d 348 (1983). While this case does not present the same legal issue which is present in this case, R.R. is of some interest. That case involved a juvenile proceeding in which the Commonwealth was attemping to establish homicide by vehicle as one of the underlying charges. Prior to that hearing the juvenile had previously been acquitted of various motor vehicle offenses in a summary proceeding before a district justice. The Superior Court held that the double jeopardy and the collateral estoppel aspect of double jeopardy precluded the Commonwealth from establishing homicide by vehicle based on any of the underlying charges for which the juvenile had been acquitted or found not guilty before the district justice. Thus the issue in R.R. was not whether the Commonwealth could appeal from the district justice's not guilty verdict but instead whether the Commonwealth could attempt to relitigate the summary offenses in the juvenile proceeding when the juvenile had previously been found not guilty of those offenses before a district justice.

What is of interest in R.R., supra, is that double jeopardy was held to attach to a proceeding before a district justice of the peace. That being the case, since it is generally conceded that the Commonwealth's inability to appeal a not guilty verdict in a jury or non-jury trial in the court of common pleas is founded upon double jeopardy considerations, it would seem by analogy the Commonwealth could not appeal from a district justice's court to the court of common pleas on a similar finding of not guilty.

The court thus concludes that the district justice's determination of not guilty constitutes an ac-

quittal. Double jeopardy prohibitions preclude any appeal from that determination; consequently, defendant's motion to quash must be sustained.

## ORDER

And now, November 29, 1984, based upon the foregoing opinion, it is hereby ordered that defendant's motion to quash appeal be granted and that the within appeal by the Commonwealth be dismissed.