24

510 A.2d 1259

COMMONWEALTH of Pennsylvania, Appellant,

v.

Edward RHODES, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Timothy COHN, Appellee.

Superior Court of Pennsylvania.

Submitted Feb. 24, 1986.

Filed June 23, 1986.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellant.

John H. Corbett, Jr., Public Defender, Pittsburgh, for Rhodes, appellee.

Mark H. Rubenstein, Pittsburgh, for Cohn, appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

OLSZEWSKI, Judge:

This appeal comes before us on behalf of the Commonwealth challenging the decision of the lower court to sustain appellees' demurrer to charges of attempted burglary and possession of instruments of a crime. For the reasons to be discussed, we find it necessary to affirm the judgment and dismiss the Commonwealth's appeal.

In moving for a demurrer, appellees admitted all the facts which the Commonwealth's evidence tended to prove and all inferences reasonably deducible from those facts. *Commonwealth v. Wimberly*, 488 Pa. 169, 411 A.2d 1193 (1979); *Commonwealth v. Long*, 467 Pa. 98, 354 A.2d 569 (1976). It was upon this standard that the lower court granted the demurrer and upon which the following facts appear on the record.

On August 9, 1984, police officer Richard Martine of the City of Pittsburgh Police Department was on routine patrol. While cruising Penn Avenue in the downtown section of the City of Pittsburgh at approximately 3:30 a.m., he received a police broadcast over the radio that the Ander's Clothing Store burglar alarm system had been activated. The officer responded to the broadcast, and upon arriving at the store inspected the front door, but did not observe any activity. Officer Martine then drove around the block and entered an alleyway leading to the rear of the building. There he observed two men, one jumping from an oil drum underneath a windowsill, and the other standing next to the oil drum. Defendant Rhodes was identified as the man jumping from the oil drum, and the other man was identified as

defendant Cohn. (Trial Transcript, pages 4–6). It was also discovered that the fan cover affixed to the building had been removed and the fan blades bent. Neither of the two men had anything in their possession; however, a flashlight, a hammer, and a pair of pliers were found inside a canvas gym bag, zipped closed.

The Commonwealth called as its witnesses two employees of the Allegheny Crime Laboratory, who testified that they had examined and compared dirt taken from the clothes of the defendants with a dirt sample taken from the windowsill of the building. Although they testified that the samples were similar, they were unable to state with certainty that the dirt from the clothes had come from the windowsill. They also admitted that the samples were not "unusual" (Trial Transcript, page 108) and that the dirt on the clothes was similar to soil samples in the area (Trial Transcript, page 86).

"A person is guilty of a burglary if he enters a building ... with intent to commit a crime therein...." 18 Pa.C.S. A.Sec. 3502(a). "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A.Sec. 901(a). A person is guilty of possessing instruments of crime if he possesses them with the intent to employ them criminally. 18 Pa.C.S.A.Sec. 907(a).

The lower court determined that the above elements were not satisfied by the evidence presented by the Commonwealth. The judge reasoned that the Commonwealth did not produce enough evidence to prove the crime of attempted burglary merely because: the defendants were present in an alleyway, accessible from a public street; the building's alarm system had been activated and the defendants were found nearby; and the cover of a ventilation fan affixed to the building was removed and the fan blades bent. The United States Supreme Court recently dealt with the issue presently before us in *Smalis v. Pennsylvania,* —— U.S. ——, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). The Court per Justice White stated:

When a successful post-acquittal appeal by the prosecution would lead to proceedings that violate the Double Jeopardy Clause, the appeal itself has no proper purpose. Allowing such an appeal would frustrate the interest of the accused in having an end to the proceedings against him ... (T)he Double Jeopardy Clause bars a post-acquittal appeal by the prosecution not only when it might result in a second trial, but also if reversal would translate into "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged." (Citation omitted).

The Court held then that in situations such as the present where the lower court has determined that a demurrer is proper, the Commonwealth must abide by its decision and cannot take an appeal. To hold otherwise would violate the Double Jeopardy Clause. Therefore, we find it necessary to affirm the lower court and dismiss the instant appeal based on *Smalis.*

Judgment affirmed. Appeal dismissed.