## Commonwealth v. Houck

*Letty A. Kress, assistant district attorney,* for Commonwealth.
*Bryan Craig Black,* for defendant.

KUHN, *J.,* October 13, 1987—We now consider herein defendant's motion to quash on the basis of double jeopardy and section 109 òf the Crimes Code 18 Pa.C.S. §109.[1] The following facts were elicited at a hearing before the undersigned on September 10, 1987.

On April 12, 1987, Trooper Bostick of the Pennsylvania State Police filed a criminal complaint against defendant, charging him with two counts of driving under the influence[2]; two counts of

_____

1. Section 109. When prosecution barred by former prosecution for the same offense.

"When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as the former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted . . . in a determination that there was insufficient evidence to warrant a conviction . . ."

2. Section 3731(a)(1) and (4) of the Vehicle Code, 75 Pa.C.S. §3731(a)(1).

unsworn falsification to authority[3]; driving on the right side of roadway[4]; and driving under suspension[5].

A preliminary hearing was held on April 20, 1987, before District Justice Frymeyer. After the Commonwealth presented its testimony, defendant moved to dismiss all charges. Justice Frymeyer granted the motion as to one count of unsworn falsification to authorities and both counts of driving under suspension but bound all other counts to court. Defendant characterizes his motion as a demurrer. Justice Frymeyer stated no prima facie evidence was established.

On May 7, 1987, Trooper Bostick refiled the section 1543(b) charge under the enhancement provisions of section 6503 of the Vehicle Code.[6] After a preliminary hearing on June 11, 1987, this charge was bound over to court. This is the matter defendant now seeks to quash.

We acknowledge defendant's contention that a demurrer is the functional equivalent of an acquittal. *Smalis v. Pennsylvania,* 476 U.S. ____, 90 L.Ed. 2d 116, 106 S.Ct. 1745 (1986); *Commonwealth v. Rhodes,* 354 Pa. Super. 24, 510 A.2d 1259 (1986), and if defendant was acquitted of driving under suspension at the April 20, 1987, hearing, section 109 and double jeopardy require dismissal.

We must initially decide whether the action taken by Justice Frymeyer on April 20, 1987, constituted an acquittal. To do this, we must determine Justice Frymeyer's jurisdiction and the nature of the first

---

3. Section 4904 of the Crimes Code, 18 Pa.C.S. §4904.

4. Section 3301 of the Vehicle Code, 75 Pa.C.S. §3301.

5. Section 1543(a) and (b) of the Vehicle Code, 75 Pa.C.S. 1543(a) and (b).

6. 75 Pa.C.S. §6503.

hearing.

Where summary offenses are charged in the same criminal complaint with a misdemeanor, the preferred procedure is to hold a preliminary hearing on the misdemeanor and, if a prima facie case is found, to bind all charges, including the summaries, to court. This procedure is preferred because of the requirement to consolidate all charges arising out of the same incident under section 110 of the Crimes Code, 18 Pa.C.S. §110, and the concurrent jurisdiction which the court of common pleas can exercise in summary cases. 42 Pa.C.S. §931. However, it is also quite clear that a district justice can exercise original jurisdiction with regard to the summary charges, in those situations where misdemeanors or felonies are also charged, on the basis of a defendant's waiver of section 110 protection or his request for severance of the charges. *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983); *Commonwealth v. Breitegan*, 500 Pa. 384, 456 A.2d 1340 (1983), cert. denied 104 S. Ct. 480, 78 L.Ed. 2d 678; *Commonwealth v. Bonczak*, 342 Pa. Super. 167, 492 A.2d 445 (1985).

By holding a hearing on April 20, 1987, during which evidence was presented on the summary offenses, we can only conclude that the district justice was exercising his jurisdiction under 42 Pa. C.S. §1515(a)(1), without objection by defendant, because there is no right to a preliminary hearing in a summary case. Therefore, a dismissal would not be a failure to find a prima facie case but the equivalent of an acquittal, precluding subsequent prosecution for the same offense.

## ORDER OF COURT

And now, this October 13, 1987, defendant's motion to quash is granted. The case is hereby dismissed. Costs to be paid by the County of Adams.