J-S67023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM MASON IBBETSON | |
| Appellant | No. 2148 EDA 2015 |

Appeal from the Judgment of Sentence June 17, 2015
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007814-2014

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.                    **FILED OCTOBER 07, 2016**

Appellant, William Mason Ibbetson, appeals from the judgment of sentence of four and one-half to ten years' incarceration, followed by three years' probation, imposed after he was convicted of persons not to possess firearms and flight to avoid apprehension.[1]  We affirm.

We adopt the following statement of facts, derived from the trial court's opinion, which in turn is supported by the trial record.  **See** Trial Court Opinion (TCO), 10/15/15, at 1-4.  In 2008, Appellant was convicted of a felony offense under the Controlled Substance, Drug, Device, and Cosmetic Act.[2]  Following his release from custody he was, thus, under the supervision of the Board of Probation and Parole.  On November 7, 2011, he

_____

[1] 18 Pa.C.S. § 6105(a)(1); 18 Pa.C.S. § 5126(a).
[2] 35 P. S. §§ 780-101, *et seq*.

_____

[*] Former Justice specially assigned to the Superior Court.

was declared delinquent from parole supervision. Agent Justin Kennett,[3] of the Board of Probation and Parole, was assigned to Appellant's case and led the investigation into Appellant's whereabouts.

On August 4, 2014, Sergeant George Volpe of the Northampton County Sheriff's Department received information that Appellant was staying at 717 Bushkill Street in Easton, and that Appellant might have been in possession of a firearm. Accompanied by Parole Agent Timothy Budgeon, Volpe responded to that address. Appellant's mother, Ms. Debbie Ibbetson, allowed officers in and directed them to a third-floor bedroom, where they observed in plain view men's clothing, including a denim motorcycle vest, mail bearing Appellant's name, and a Glock handgun, serial number HWN466, in a partially opened drawer. Officers did not seize evidence at that time.

On September 3, 2014, Agent Kennett organized a multi-agency search for Appellant that led to 2410 Emerald Lane in Trumbauersville, Bucks County. Trooper John Cargan of the Pennsylvania State Police knocked and announced his presence but received no response. He kicked the door, at which time Appellant's daughter opened it, and officers entered the residence.

---

[3] Incorrectly referred to as "Agent Kennert" in the record.

Trooper Cargan met with the homeowner, Ms. Judith Soldo, who signed a consent form authorizing a search of the residence. In the second floor master bedroom, Trooper Cargan observed in plain view a black .9mm handgun, serial number HWN466, and loaded magazine in an open cigar box. Trooper Cargan also observed in plain view a black North Face backpack, partially open and containing men's clothing, documents and ID bearing Appellant's name, and a denim motorcycle vest. Ms. Soldo confirmed Appellant had stayed in the second floor master bedroom with her the night of September 2, 2014, and no other men stayed in that room on a regular basis. She did not recognize the gun or backpack.

Trooper Andrew Watkins, preparing to leave the residence following the search, heard a motorcycle. Trooper Watkins approached the road and observed Appellant, sans helmet, on the motorcycle. Trooper Watkins identified himself as a police officer and ordered Appellant to pull over. Instead, Appellant drove away, off road across a grassy field and around a retention basin. On October 28, 2014, he was arrested at another location by Pennsylvania State Police Officers.

Trial commenced June 9, 2015, and concluded June 10, 2015. Based on the evidence introduced at trial, a jury convicted Appellant of the above-enumerated offenses. On June 17, 2015, the court sentenced Appellant to four and one-half to ten years' incarceration, followed by three years' probation.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion on October 16, 2015.

Herein, Appellant presents three issues for our review:

A. Did the sentencing court abuse its discretion in denying Appellant's motion for a mistrial because evidence presented by the Commonwealth ignored the court order forbidding such evidence?

B. Did the sentencing court abuse its discretion by denying Appellant's motion to suppress because legal consent for said search was not obtained?

C. Did the court abuse its discretion by denying Appellant's demurrer based upon numerous items of physical evidence that were lost by the state police?

Appellant first contends that the trial court abused its discretion in denying his motion for a mistrial, as the Commonwealth allegedly ignored the trial court's evidentiary rulings. Further background is necessary to explain Appellant's issue. Prior to trial, the court precluded the introduction of evidence of Appellant's gang affiliations, and of drug paraphernalia and activity. *See* Notes of Testimony (N. T.), 6/9/15, at 31-32. Appellant moved for a mistrial after the conclusion of the testimony of Sgt. Volpe, who had testified on June 10, 2015, that the vest found at the Bushkill Street residence was "a sleeveless vest with colors on it," and after a follow-up question described it as "a denim-type colored vest." Appellant did not request a curative instruction at that time, and the court denied his motion. *See* N. T., 6/10/15, at 23-25. Additionally, Trooper Cargan testified that he

had observed new and used glassine baggies upon entering the Emerald Lane residence. The trial court offered to give a cautionary instruction to the jury, which Appellant declined. *See* N. T., 6/9/15, at 122-128. Appellant did not move for a mistrial at that time.

Appellant now argues that 1) evidence of glassine bags indicated to the jury that drug paraphernalia had been found at the residence, and 2) that evidence of a vest with colors is a code for gang membership. These two references, he avers, deprived him of a fair trial.

> It is well-settled that the review of a trial court's denial of a motion for mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will … discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa. 2013) (quoting *Commonwealth v. Chamberlain*, 30 A.3d 381 (Pa. 2011)).

A trial court may remove the taint caused by improper testimony through curative instructions and must consider all surrounding circumstances before finding the curative instructions sufficient. *Commonwealth v. Manley*, 985 A.2d 256, 266–67 (Pa. Super. 2009). "Circumstances the court must consider include whether the improper remark was intentionally elicited by the Commonwealth, whether the answer

- 5 -

was responsive to the question posed, whether the Commonwealth exploited the reference, and whether the curative instruction was appropriate. ***Manley***, 985 A.2d at 266-267.

This Court concludes that Appellant's argument regarding Trooper Cargan's testimony of glassine baggies is waived for purposes of appeal, as the record reflects that Appellant did not object, request a curative instruction, or pursue a mistrial motion after Trooper Cargan's testimony. ***See Commonwealth v. Strunk***, 953 A.2d 577, 579 (Pa. Super. 2008) ("Even where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or a curative instruction is sufficient to constitute waiver.").

Appellant's counsel did move for a mistrial after Sgt. Volpe testified that he had found a denim vest with "colors" on it.[4] The specific testimony elicited read as follows:

Prosecutor:　　　　And what kind of clothing did you make note of?

---

[4] The trial court opinion also discusses further testimony, N. T. 6/9/15 at 141, where Trooper Cargan stated that the motorcycle jacket had "indicia," but neither Appellant's brief nor Statement addresses this testimony, and the trial court opinion indicates Appellant did not lodge an objection or move for a mistrial. Consequently, it is waived for purposes of appeal. ***See*** Pa.R.A.P. 302 ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***see also Commonwealth v. Ligons***, 971 A.2d 1125, 1139 (Pa. 2009); ***see also Commonwealth v. Jones,*** 460 A.2d 739, 741 (Pa. 1983) (noting claim waived where defense counsel did not request mistrial or curative instructions).

| The witness: | There was a sleeveless vest with colors on it. |
| Prosecutor: | And what color was it? |
| The witness: | It was sort of like a denim-type colored vest with no sleeves on it. |

N. T., 6/10/15, at 17. The trial court determined this testimony was relevant and probative, as it described an article of clothing that linked Appellant to multiple locations along with the firearm. TCO, at 16. We agree. The prosecutor did not intentionally elicit the testimony regarding the vest's "colors," a follow up question shifted the jurors' attention and therefore potential prejudice away from the issue of club colors, and Appellant did not request a curative instruction. This testimony did not deprive Appellant of a fair trial. Accordingly, we discern no abuse of the court's discretion.

In his second issue, Appellant contends that the trial court erred in denying his motion to suppress. Further background is necessary to explain Appellant's issue. Prior to trial, on June 8, 2015, Appellant argued a motion where he sought to suppress all evidence recovered from the respective homes of Ms. Ibbetson and Ms. Soldo. Following testimony and argument, the suppression court found Ms. Ibbetson and Ms. Soldo were homeowners of their respective properties with authority to give consent to search the respective rooms. Although Ms. Ibbetson claimed officers did not obtain her consent to search, the court found credible officers' testimony that she gave

verbal consent to search her residence.[5] Likewise, although Ms. Soldo stated she did not understand she was signing a consent form, the court found she did not sign under duress, officers had explained the consent form to her, and made a specific finding it had been signed prior to the search.[6] Additionally, the court determined the items found in both cases were in plain view, and that officers were present with the consent of both homeowners and viewed said items from a lawful vantage point. The court then denied Appellant's motion.

According to Appellant, the Commonwealth failed to obtain legal consent to search the residences. *See* Appellant's Brief, at 11-14. We disagree.

Our standard of review for an appeal denying a motion to suppress is well settled.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.

---

[5] *See* N. T., 6/8/15, at 11-12, 24, N. T., 6/8/15, afternoon session, at 16-17, 98-101; N. T., 6/9/15, at 9.
[6] *See* N. T., 6/8/15, afternoon session, at 37-41, 54-56, 62, 80-85; N. T., 6/9/15, at 16-17.

Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations omitted).

"A warrantless search may be made with the voluntary consent of a third party who possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected." *Commonwealth v. Gibbons*, 529 A.2d 1296, 1300 (Pa. Super. 1988) (internal citations and quotations omitted); *see also Commonwealth v. Acosta*, 815 A.2d 1078, 1083 (Pa. Super. 2003) ("It is the Commonwealth's burden to prove that a defendant consented to a warrantless search.")

In the instant case, the court determined that Ms. Ibbetson and Ms. Soldo, both of whom were homeowners of the premises searched, gave valid consent to search. The court's findings are supported by the record, and we are bound by them. *See Jones*, 988 A.2d at 654. As we discern no legal error, we affirm the court's denial of Appellant's motion.

Finally, in his third issue, Appellant argues that the trial court erred when it denied his demurrer to the Commonwealth's evidence where numerous items of evidence were allegedly lost by the Pennsylvania State

Police.[7] Further background is necessary to explain Appellant's issue. At the close of the Commonwealth's case, Appellant made a motion for a general demurrer to both counts of information but offered no argument in support of the motion. The trial court denied the demurrer. Although Appellant does not specifically say as much in his brief, by the case law cited, he implies that the allegedly lost evidence constitutes a due process violation. Appellant argues that testimony related to any items lost should have been inadmissible.[8]

For purposes of demurrer, a defendant admits all facts which the Commonwealth's evidence tended to prove and all inferences reasonably deducible from those facts. ***Commonwealth v. Wimberly***, 411 A.2d 1193, 1194 (Pa. 1979). In ruling on a demurrer, the trial court decides whether the Commonwealth's evidence and all reasonable inferences therefrom is sufficient to support a finding by a trier of fact that the accused is guilty beyond a reasonable doubt. ***Id***.

---

[7] Although Appellant styles this motion as a demurrer, essentially, Appellant has made a motion for judgment of acquittal, per a challenge to the sufficiency of the evidence pursuant to Pa.R.Crim.P. 606. The comment to this rule clarifies that though his language may be antiquated, "the inadvertent use of the word 'demurrer' when 'motion for judgment of acquittal' is now appropriate would not affect an otherwise valid sufficiency challenge." Pa.R.Crim.P. 606.

[8] The evidence Appellant complains was lost was: a sleeveless vest; mail with Appellant's name on it; backpacks belonging to Appellant; and t-shirts.

At trial, Appellant made a general demurrer, but did not make argument on the motion. *See* N. T., 6/10/15 at 45. In his brief, his argument is equally bare. *See* Appellant's Brief, at 15-16. Appellant offers no analysis of any particular elements that comprise the charges against him, nor does he argue that the evidence presented by the Commonwealth fails to establish them. *See McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 647 (Pa. Super. 2013) (quoting *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") Accordingly, we conclude that Appellant has waived this claim for purposes of appeal.[9]

_____

[9] Even if we did not find waiver, the evidence was still sufficient to support Appellant's convictions. For example, Appellant was convicted of 18 Pa.C.S. § 6105, Persons Not to Possess Firearms. The statute prohibits the possession or use of firearms by any person who has been convicted of an offense under the Controlled Substance, Drug, Device and Cosmetic Act, that may be punishable by a term of imprisonment exceeding two years. *See* 18 Pa.C.S. § 6105(a)(1); 18 Pa.C.S. § 6105(c)(2). In the instant case, Appellant stipulated to his conviction under the Controlled Substance Act. Evidence introduced at trial showed that Appellant possessed a firearm. Viewed in the light most favorable to the Commonwealth, as verdict winter, the evidence was sufficient to enable a reasonable jury to convict Appellant for 18 Pa.C.S. § 6105. *See Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008) (citations omitted) ("In determining whether there was sufficient evidentiary support for a jury's finding [], the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as verdict winner, are sufficient o enable a reasonable jury to find every element of the crime beyond a reasonable doubt.")

Thus, we affirm the judgment of sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016